**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Kevin Jordan (SBN 11014800)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone:   713.955.4028
mcancienne@jlcfirm.com
kjordan@jlcfirm.com
jgolinkin@jlcfirm.com

**BAKER BOTTS L.L.P.**
Jessica B. Pulliam (SBN 24037309)
John B. Lawrence (SBN 24055825)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:   214.953.6500
jessica.pulliam@bakerbotts.com
john.lawrence@bakerbotts.com

*Counsel for Alta Power LLC*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WATTSTOCK LLC, | § § § § § § § § § § § § § § § § § | |
| Plaintiff/Counter Defendant, | | |
| v. | | |
| ALTA POWER LLC, | | Case No. 3:23-cv-00270 |
| Defendant/Counter Plaintiff. | | |
| v. | | |
| GENERAL ELECTRIC INTERNATIONAL INC., d/b/a GE POWER SERVICES, | | |
| Third-Party Defendant. | | |

**ALTA POWER RESPONSE TO GE's OBJECTIONS TO THE
BANKRUPTCY COURT'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

**SUMMARY OF ARGUMENT** ..................................................................................... 1

**SUPPLEMENTAL BACKGROUND** ........................................................................... 2

    I.    GE Downplays the Scope and Significance of the State Court's Involvement Before WattStock Removed the Case to Bankruptcy Court ... 2

    II.    GE Misrepresents the Procedural History Since WattStock Removed This Action to Bankruptcy Court. ................................................................... 2

    III.    This Case Is Not Close To Being Ready For Trial. ........................................ 3

**STANDARD OF REVIEW** ........................................................................................... 4

**DISCUSSION** ................................................................................................................ 4

    I.    The Mandatory Abstention Statute Requires Remand. ............................. 4

        A.    *Alta Power timely moved for remand under 18 U.S.C. § 1334(c)(2).* ................. 5

        B.    *The Bankruptcy Court correctly concluded that no diversity jurisdiction existed when WattStock commenced this case.* ...................................................... 6

    II.    The Bankruptcy Court correctly determined that this Court should equitably remand the Case under 28 U.S.C. § 1452(b) ............................ 9

        A.    *The Bankruptcy Court applied the right test.* .................................................. 10

        B.    *The Bankruptcy Court appropriately weighed the relevant equities.* ................. 11

**CONCLUSION** ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*J.T. Thorpe Co. v. Am. Motorists*, 02-4598, 2003 WL 23323005, at *4 (S.D. Tex. June 9, 2003) ................................................................................................................ 7

*Wells Fargo Bank, N.A. v. Flash Vos, Inc.*, 05-2660, 2006 WL 6503036, at *4 (E.D. La. June 28, 2006) ......................................................................................... 6, 7

*20/20 Mgmt. Co. v. Comunidad Corp.*, No. 3-08-CV-608, 2008 WL 4180081, at *2 (N.D. Tex. Sept. 3, 2008) ........................................................................... 11, 13

*Thompson v. Thames Autoplex, Inc.*, 2006 WL 8457305, at *3 (S.D. Miss. Mar. 22, 2006) ............................................................................................................... 6

*Certain Underwriters at Lloyd's London - Syndicate 1861 v. Daileader,* 2023 WL 185518, at *12 (S.D.N.Y. Jan. 13, 2023) ............................................................ 7

*2999TC LP, LLC v. Hodges*, No. 4:20-CV-01256-P, 2021 WL 1375744, at *4 (N.D. Tex. Apr. 12, 2021) ..................................................................................... 11-13

*Dec Land Co., LLC v. Grigsby Petroleum, Inc.*, No. 20-CV-0147, 2020 WL 6948178, at *4 (W.D. La. June 26, 2020) ............................................................................ 6

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) .................................. 11

*Freeman v. Cnty. of Bexar,* 142 F.3d 848, 852 (5th Cir.1998) ................................. 4

*In re Drs. Hosp. 1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006) ................... 7

*In re Mugica*, 362 B.R. 782, 787 (Bankr. S.D. Tex. 2007) ..................................... 7-8

*In re Pearl Res. LLC*, No. 20-31585, 2022 WL 17478531, at *3 (Bankr. S.D. Tex. Dec. 6, 2022) ................................................................................................... 6

*In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2021 WL 4823525 (Bankr. N.D. Tex. Oct. 14, 2021) ................................................................................. 6

*In re Senior Care Centers, LLC*, 611 B.R. 791 (Bankr. N.D. Tex. 2019) ............. 11, 14

*In re Viper Prod. & Servs., LLC,* No. 21-50187-RLJ11V, 2022 WL 2707879 ….11,13

*Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-CV-01430-P, 2012 WL 5364699 (N.D. Tex. Oct. 31, 2012) ............................................................................................ 7

*Libertas Funding, LLC v. ACM Dev., LLC*, No. 22CV00787HGMMH, 2022 WL 6036559 (E.D.N.Y. Oct. 7, 2022) ...................................................................... 7

*Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44 (S.D.N.Y. 2011) ................................ 7

*Tailored Fund Cap LLC v. RWDY, Inc.*, No. 5:20-CV-762, 2020 WL 6343307, at *7
   (N.D.N.Y. Oct. 29, 2020) .................................................................................. 7

**Statutes**

28 U.S.C. § 1334 ...................................................................................... 1, 4-6, 13

28 U.S.C. § 1452 ................................................................................. 1, 4, 9-12, 13

Counter-Plaintiff Alta Power LLC ("Alta Power") files this Response in Opposition to Third-Party Defendant General Electric International Inc.'s ("GE") Objections to the Bankruptcy Court's Report and Recommendation in which the Bankruptcy Court recommends this case be remanded.

## SUMMARY OF ARGUMENT

In its Motion to Remand, Alta Power argued that the Court *must* remand this case pursuant to 28 U.S.C. Section 1334(c)(2) ("the Mandatory Abstention Statute") and *should* remand the case pursuant to 28 U.S.C. 1452(b) ("the Equitable Remand Statute"). There, as here, GE accused Alta Power of forum-shopping and argued that remand was neither required nor appropriate, and that remand would harm GE. After reviewing the parties' briefing and presiding over a lengthy hearing, the Bankruptcy Court agreed with Alta Power, and advised this Court that 1334(c)(2) *and* 1442(b) each *independently* require remand of this action.

If the Court agrees with *either* of the Bankruptcy Court's findings, the case should be remanded. GE knows this, so it tries to persuade this Court to override not only the Bankruptcy Court's sound application of the Mandatory Abstention Statute, but also the Bankruptcy Court's well-reasoned conclusion that this case should be equitably remanded under the Discretionary Remand Statute. GE is mistaken on both fronts, and the Court should adopt the Bankruptcy Court's R&R and remand this case to state court.

# SUPPLEMENTAL BACKGROUND

In its Objections to the Bankruptcy Court's R&R, GE attempts to paint a misleading portrait of the relevant background, particularly of the proceedings to date. Alta Power corrects the three most serious issues below.

## I. GE Downplays the Scope and Significance of the State Court's Involvement Before WattStock Removed the Case to Bankruptcy Court.

GE radically undersells both the length and significance of the State District Court's tenure presiding over this case. As the Bankruptcy Court correctly observed, the State District Court presided over this case for more than 17 months. During that period, Alta Power produced more than 10,000 documents in response to GE's Requests for Production, and also responded to 31 of GE's interrogatories.

GE omits these details and attempts to persuade this Court that the State District Court is unfamiliar with the case. (GE's Objections at 9.) The record shows otherwise. Below, GE filed an extensive, dispositive Motion to Dismiss all of Alta Power's claims, which the State District Court rejected. (ECF 1-4 at 329.) In so doing, the State District Court not only considered Alta Power's and GE's briefing, but also presided over an extended oral hearing on GE's Motion. (*Id.* at 277-323.)

## II. GE Misrepresents the Procedural History Since WattStock Removed This Action to Bankruptcy Court.

GE also misrepresents important details related to the proceedings since WattStock removed this case to Bankruptcy Court. For instance, GE tells this

Court that the Bankruptcy Court "agreed" with Alta Power that "this case involved *exclusively* 'non-core, state law claims'" that "could exist outside of bankruptcy" when Alta Power originally moved to withdraw the reference. (GE's Objections at 10) (emphasis added.) But that is not accurate. In reality, the Bankruptcy Court concluded that the action involved "*both* core and non-core" claims that were "inextricably intertwined with the core matters." (ECF 19 at ¶ 3) (emphasis added.) As detailed later, this materially affects the viability of GE's suggestion that Alta Power did not timely request that the Bankruptcy Court remand the case under the Mandatory Abstention Statute.

### III. This Case Is Not Close To Being Ready For Trial.

In its Motion, GE states that "the parties are on the precipice of dispositive motion practice" and claims that "as recently as March, the parties were on pace to close discovery in June and start trial in the fall." (GE's Objections at 22.) But GE told the Bankruptcy Court a very different story during the March 27, 2023 hearing on Alta Power's Motion to Remand. (*See* ECF 150 at 9–15.)

In reality, the parties have not even disclosed their respective expert witnesses, much less started to depose and challenge the expert witnesses each party ultimately designates. (*Id.* at 15.) The parties are also not close to being done with fact discovery. (*Id.* at 9–15.) GE still has not produced its most important fact witness for his deposition and has only deposed *one* of Alta Power's fact witnesses. (*Id.* at 10-11.) The parties also have not deposed one another's corporate representatives, nor have they begun the third-party depositions that GE has

3

made clear will be onerous. (*Id.* at 11–13; *see also* GE's Objections at 14–15.) The Bankruptcy Court was therefore correct when it concluded that this case is nowhere near the dispositive motions stage, much less close to being ready for trial.

## STANDARD OF REVIEW

This Court must conduct "a *de novo* review of the portions of the Report to which a party objects." *Taylor v. Saul*, No. 4:18-cv-00765-O-BP, at *5 (N.D. Tex. Sep. 25, 2019). Anything to which GE "did not specifically object to is reviewed for plain error." *Id.* "To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Id.*

## DISCUSSION

In its Objections, GE asks this Court to reject both of the Bankruptcy Court's well-reasoned conclusions that the Mandatory Abstention Statute requires the Court to remand this case and that, under the Equitable Remand Statute, the Court *should* remand this case. Both arguments fail.

I.     **The Mandatory Abstention Statute Requires Remand.**

"Upon a timely motion of party in a proceeding based upon a State law claim," 28 U.S.C. § 1334(c)(2) requires this Court to abstain from hearing this case if the Court if the Court finds this action "could not have been commenced in a court

4

of the United States absent jurisdiction under [28 U.S.C. § 1334]" and can be timely adjudicated in state court.

After presiding over a lengthy hearing, the Bankruptcy Court issued a detailed R&R in which it concluded Alta Power met these requirements and therefore advised this Court that the Mandatory Abstention Statute requires remand. (ECF Nos. 155, 159.) GE objects to this conclusion for two reasons.[1] First, GE argues Alta Power did not timely move to Remand. (GE's Objections at 14-15.) Second, GE maintains that this action could have been commenced in federal court because "there's federal diversity jurisdiction over the claims between Alta and GE because there's complete diversity and the amount in controversy is satisfied" and (*Id.* at 13-14.) Neither argument is sound.

### A.     Alta Power timely moved for remand under 18 U.S.C. § 1334(c)(2).

GE argues Alta Power failed to satisfy the Mandatory Abstention Statute's timeliness requirement because Alta Power did not move to remand until "fifteen months after this case was removed to federal court. (*Id.* at 14.) GE's argument is disingenuous. As GE acknowledged to the Bankruptcy Court during the hearing on Alta Power's Motion to Remand, Alta Power had no legal or factual basis to request that the Court abstain under Section 1334 *until the Bankruptcy Court dismissed WattStock from the case*. (ECF 150 at 44:11-18.) Alta Power invoked the Mandatory

---

[1]     GE devotes more than a page of its brief arguing that "there continues to be federal jurisdiction over this case." (ECF 6 at 16-17.) Alta Power has never alleged—and the Bankruptcy Court did not find—that WattStock's dismissal destroyed this Court's *jurisdiction* to hear the case. (ECF 150.)

Abstention Statute within twenty-four hours of WattStock's dismissal (ECF 101, 104)—the event that gave it a good-faith basis to remand the case—so Alta Power plainly timely moved to remand this action, as the Bankruptcy Court held.

GE also suggests that there is some firm cutoff for when a motion can be timely under the Mandatory Abstention statute. (GE's Objections at 14.) But "[n]o specific time limit is set by statute or rule for requesting mandatory abstention under § 1334(c)(2)." *In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2021 WL 4823525, at *4 (Bankr. N.D. Tex. Oct. 14, 2021). Accordingly, "courts apply a case-by-case approach" to determining whether a motion to abstain is "timely" under § 1334(c)(2). *In re Pearl Res. LLC*, No. 20-31585, 2022 WL 17478531, at *3 (Bankr. S.D. Tex. Dec. 6, 2022). "The relevant considerations include whether the movant moves as soon as possible after he or she should have learned the grounds for such a motion." *Id.; see also Dec Land Co., LLC v. Grigsby Petroleum, Inc.*, No. 20-CV-0147, 2020 WL 6948178, at *4 (W.D. La. June 26, 2020); *Thompson v. Thames Autoplex, Inc.*, No. 5:05CV21 (DCB) (JCS), 2006 WL 8457305, at *3 (S.D. Miss. Mar. 22, 2006).

Here, Alta Power moved to remand as soon as possible after it learned the grounds for doing so. As a result, the Bankruptcy Court was right to conclude that Alta Power's request for abstention was timely.

### B. The Bankruptcy Court correctly concluded that no diversity jurisdiction existed when WattStock commenced this case.

GE also argues the Mandatory Abstention Statute does not apply because "there's federal diversity jurisdiction over the claims between Alta and GE because there's complete diversity and the amount in controversy is satisfied." (GE's

6

Objections at 19.) But GE is asking the wrong question. "Section 1334(c)(2) does not ask a Court to examine whether new grounds for federal jurisdiction have arisen while the case was before the federal court. Instead, the inquiry is whether the 'action *could not have been commenced* in a court of the United States absent jurisdiction under this section.'" *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *4 (S.D. Tex. June 9, 2003). "The language 'could have been commenced' [in § 1334(c)(2)] means that diversity jurisdiction should be analyzed as of the date of the filing of the suit, or in this case the date of removal to the District Court. The issue is *not* whether diversity would exist if the suit were *presently* filed in the District Court." *In re Drs. Hosp. 1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006); *In re Mugica*, 362 B.R. 782, 787 (Bankr. S.D. Tex. 2007) (same); *see also Certain Underwriters at Lloyd's London - Syndicate 1861 v. Daileader*, No. 22 CIV. 2038 (PGG), 2023 WL 185518, at *12 (S.D.N.Y. Jan. 13, 2023) (finding mandatory abstention was required and observing "[b]ecause there was not complete diversity at the time of removal, there is no diversity jurisdiction."); *Libertas Funding, LLC v. ACM Dev., LLC*, No. 22CV00787HGMMH, 2022 WL 6036559, at *5 (E.D.N.Y. Oct. 7, 2022) (finding mandatory abstention is required where "Defendants did not assert diversity jurisdiction in their notice of removal but instead did so for the first time when opposing Plaintiff's motion to remand"); *Tailored Fund Cap LLC v. RWDY, Inc.*, No. 5:20-CV-762, 2020 WL 6343307, at *7 (N.D.N.Y. Oct. 29, 2020) (same); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 58 (S.D.N.Y. 2011) (same); *Wells Fargo Bank, N.A. v.*

*Flash Vos, Inc.*, No. CIV.A. 05-2660, 2006 WL 6503036, at *4 (E.D. La. June 28, 2006) (same).

GE ignores the cases cited above and instead attacks the Bankruptcy Court for citing *Mugica*[2] in its R&R, which it claims is "flatly inconsistent" with the Fifth Circuit's decision in *In re GenOn Mid-Atl. Dev., LLC*, 42 F.4th 523, 540 (5th Cir. 2022). But this, too, is wrong. The parties in *GenOn* severed claims between diverse parties from the rest of claims before they removed *only* those severed claims to the Bankruptcy Court. *Id.* Thus, unlike here, at the time of removal, complete diversity existed between the parties to the federal action. *Id.* The Fifth Circuit therefore correctly concluded that "claims and causes of action on which the federal proceeding is based,"—which exclusively involved diverse parties—could have begun in federal court. *Id.* at 41. *GenOn's* focus on the parties' status at removal aligns with case law and, most importantly, the text of § 1334(c)(2).

Here, the claims between GE and Alta Power were not severed from Alta Power's claims against WattStock. Instead, the entire civil action—styled *WattStock v. Alta Power v. General Elec.*—was removed to federal court. WattStock's presence destroyed diversity. As a result, "complete diversity did not exist when WattStock was in the Action and removed the Action to Bankruptcy Court." (ECF 159 at 6.)

---

[2]  In its Objections, GE states that the *Mugica* court concluded that "the existence of diversity jurisdiction turned on whether a case was *currently removable*." (ECF 6 at 14). Not true. In fact, the *Mugica* court concluded that the so called "current removability" of a case on diversity grounds was *irrelevant* to the Mandatory Abstention Statute. *Mugica*, 362 B.R. at 787. Instead, it ruled that 1334(c)(2) focuses on whether there was an independent basis for federal jurisdiction when the action was commenced. *Id.*

8

In sum, the Bankruptcy Court correctly interpreted and applied the Mandatory Abstention Statute. The Court should therefore overrule GE's objections and remand this case.

## II. The Bankruptcy Court Correctly Determined That This Court Should Equitably Remand The Case Under 28 U.S.C. § 1452(b).

The Equitable Remand Statute also granted the Bankruptcy Court with the authority to remand this case "any equitable ground." 28 U.S.C. § 1452(b). The Bankruptcy Court recommended remand under the Equitable Remand Statute because it found that (1) "this litigation will have no impact on the administration of a bankruptcy estate, and no impact on any distributions made to any creditor"; (2) "[t]here is absolutely no 'relatedness' to a bankruptcy case at this point, as a practical matter"; (3) "Alta's claims against GE all originate under state law"; (4) "[t]he parties have differences of opinion regarding the interpretation and application of that law on several key issues—including partnership by estoppel, agency, the economic loss rule, contractual waivers, and limitation of damages"; (5) "[s]tate law issues do not merely predominate; they are exclusively what is at issue"; and (6) "proper deference to state law and notions of comity require remand." (ECF 159 at 8.) Based on these findings, the Bankruptcy Court found that "it is in the interests of the fair administration of justice to return the Action to the court that presided over it for more than 17 months before the WattStock bankruptcy case caused a detour." (*Id.*)

GE objects to the Bankruptcy Court's findings because it claims the Bankruptcy Court applied the wrong legal standard and did not appropriately

9

weigh "(1) the significant litigation that has occurred in federal court (which received no weight), and (2) the limited remaining connection to WattStock's bankruptcy (which dominated its analysis)." (GE's Objections at 26.) Again, GE is mistaken.

### A. The Bankruptcy Court applied the right test.

In its Order, Bankruptcy Court evaluated Alta Power's request for equitable remand by applying fourteen factors ('the 14 Factor Test") that "courts typically consider . . . when deciding whether to remand on equitable grounds pursuant to 28 U.S.C. § 1452(b)":

> (1) the effect or lack thereof on the efficient administration of the estate if the court remands or abstains; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness to main bankruptcy case; (7) the substance, rather than the form, of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtors parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

(ECF 159 at 7).

Recognizing that the Court is bound by the Equitable Remand Statute, GE does not argue that the Statute is inapplicable. Instead, it claims the Bankruptcy Court should have used a "more relevant test to assess the equities, such as the one courts use to assess whether to remand pendent claims" because (it claims)

the 14 Factor Test is not relevant to "whether the case belongs in state court or in federal *district* court."³ (GE's Objections at 20–21, 24.)

GE's conclusory argument is absurd. Courts in this District have used the 14 Factor Test to determine whether to equitably remand cases under Section 1442(b) for more than a decade. *See, e.g., 2999TC LP, LLC v. Hodges*, No. 4:20-CV-01256-P, 2021 WL 1375744, at *4 (N.D. Tex. Apr. 12, 2021) (applying 14 factors and equitably remanding case); *In re Viper Prod. & Servs., LLC,* No. 21-50187-RLJ11V, 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022 (same); *In re Senior Care Centers, LLC*, 611 B.R. 791, 802 (Bankr. N.D. Tex. 2019); *20/20 Mgmt. Co. v. Comunidad Corp.*, No. 3-08-CV-608, 2008 WL 4180081, at *2 (N.D. Tex. Sept. 3, 2008) (same). Indeed, GE does not cite a single case involving the Equitable Remand Statute in which a court did *not* rely on the 14 Factor Test. Accordingly, the Court should overrule GE's objections to the Bankruptcy Court's use of the 14 Factor test.

## B. The Bankruptcy Court appropriately weighed the relevant equities.

Though the Bankruptcy Court identified *ten* different equitable grounds that support remand, GE also argues that the Bankruptcy Court erred by

---

³ In support of this proposition, GE cites the Fifth Circuit's decision in *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996), which GE suggests compels the conclusion that remand is not appropriate under the Equitable Remand Statute. GE's reliance on this decision—which does not involve the Equitable Remand Statute—is difficult to understand. At best, *Doddy* can be read to suggest that the length and manner of the proceedings before a federal district court can support a court's decision *not* to remand a case. *Id.* But *Doddy* explicitly makes clear that the Court could have reached *the opposite conclusion* had it wanted to, and even if that were not so, the parties in *Doddy* had already filed numerous dispositive motions. *Id.* That is not the case here.

11

recommending remand because the parties spent an extended period in federal court and "relied on" the application of the Federal Rules of Civil Procedure.

GE cites no authority that supports its assertion that the Court *cannot* equitably remand this case because doing so would (supposedly) prejudice GE. Indeed, GE's argument contradicts the text of the Equitable Remand Statute and seemingly all caselaw interpreting it. 1452(b) "grant courts 'broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *2999TC LP, LLC v. Hodges*, No. 4:20-CV-01256-P, 2021 WL 1375744, at *4 (N.D. Tex. Apr. 12, 2021). The question of how to weigh those 14 factors—or even whether to *use* the Fourteen Factor Test—is "left to [the Bankruptcy Court's] own discretion." *Id.* at *6. Thus, the Bankruptcy Court was entitled to give GE's prejudice argument as much or as little weight as it saw fit.

GE's argument also fails because it is demonstrably false. Though GE repeatedly suggests otherwise, the Bankruptcy Court *did* consider GE's position that remand will prejudice GE. (ECF 159 at 8.) The Bankruptcy Court simply rejected it, as was its right.

GE counters that the Bankruptcy Court lacked a factual basis for its decision. As evidence, it points to the Bankruptcy Court's observation that "very little of substance has happened since removal." But the record supports the Bankruptcy Court's conclusion. Indeed, GE's own lawyers told the Bankruptcy Court that the parties have not begun third party depositions, have not started

12

expert discovery, have not depose the most important fact witnesses, have not taken corporate representative depositions, and are not done producing documents. (ECF 150 at 9-15.) There is not even a scheduling order in place. (*Id.*) The Bankruptcy Court therefore had ample support for concluding this case is not close to being ready for trial.

GE obviously disagrees, but that does not change the fact that the Bankruptcy Court weighed and appropriately rejected the same arguments it makes now and instead concluded that "proper deference to state law and notions of comity require remand." (ECF 159 at 8.) That decision was and remains sound, and this Court should adopt the Bankruptcy Court's order. *Hodges*, 2021 WL 1375744, at *4 (remand appropriate because "the bankruptcy court's overall balancing of the factors, in accordance with general policy of allowing state-law issued be decided by state courts, was reasonable and not clearly erroneous"); *In re Viper Prod. & Servs., LLC*, 2022 WL 2707879, at *2; *In re Senior Care Centers, LLC*, 611 B.R. at 802; *20/20 Mgmt. Co. v. Comunidad Corp.*, No. 3-08-CV-608, 2008 WL 4180081, at *2 (N.D. Tex. Sept. 3, 2008) (same).

## CONCLUSION

The Mandatory Abstention Statute requires this Court to remand this case. And even if it did not, the Court should still remand this case based on the factors that courts in this Circuit have carefully chosen to guide their analyses, and that this District has repeatedly applied. GE's complaints asserting inequity are untethered to the law and do not weigh against remand in any event. For all of these reasons,

13

Alta Power requests that the Court adopt the Bankruptcy Court's R&R and remand this proceeding to state court.

                              Respectfully submitted,

                              JORDAN, LYNCH & CANCIENNE PLLC

                              By: *Jeb Golinkin*
                                  Michael Cancienne
                                  State Bar No. 24055256
                                  Joseph W. ("Jeb") Golinkin II
                                  State Bar No. 24087606
                                  1980 Post Oak Blvd., Suite 2300
                                  Houston, Texas 77056
                                  Telephone: 713.955.4025
                                  mcancienne@jlcfirm.com
                                  jgolinkin@jlcfirm.com

                                  BAKER BOTTS L.L.P.
                                  Jessica B. Pulliam
                                  State Bar. No. 24037309
                                  John Lawrence
                                  State Bar No. 24055825
                                  2001 Ross Avenue, Suite 900
                                  Dallas, TX 75201-2980
                                  Telephone: 214.953.6500
                                  jessica.pulliam@bakerbotts.com
                                  john.lawrence@bakerbotts.com

                          ATTORNEYS FOR ALTA POWER LLC

### **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above pleading was served on all parties through the Court's electronic filing service on the 24th day of May, 2023.

                                  By: */s/ Joseph W. Golinkin II*
                                  Joseph W. Golinkin II