UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE WATTSTOCK, LLC, | § | |
| *Debtor.* | § § § | |
| WATTSTOCK, LLC, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| ALTA POWER LLC, | § § § | |
| *Defendant, Counter-Plaintiff, and Third-Party Plaintiff,* | § § § | Civil Action No. 3:23-CV-0270-X |
| v. | § § | |
| WATTSTOCK, LLC, and | § § § | |
| *Counter-Defendant,* | § § § | |
| GENERAL ELECTRIC INTERNATIONAL, INC., d/b/a GE POWER SERVICES, | § § § § § | |
| *Third-Party Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER WITHDRAWING THE REFERENCE**

Before the Court is the Third-Party Defendant General Electric International, Inc.'s ("GE") motion to withdraw the reference.  (Doc. 1).  Having carefully considered the parties' arguments, the underlying facts, and the applicable law, the Court **GRANTS** GE's motion (Doc. 1) and **WITHDRAWS** the reference to the bankruptcy court.

## I. Background

In the initial case, Plaintiff Wattstock LLC ("Wattstock") sued Defendant Alta Power LLC ("Alta") in state court, and Alta brought claims against third-party GE. Wattstock then removed the case to federal court after filing for Chapter 11 bankruptcy.  The bankruptcy court filed a report and recommendation proposing that this Court defer all pretrial matters to the bankruptcy court and withdraw the reference when the case was ready for trial.  This Court agreed, adopted the recommendation, and referred the case to the bankruptcy court.

In the bankruptcy court, Wattstock and Alta filed an agreed motion to dismiss their claims against one another, and the bankruptcy court granted the motion and dismissed Wattstock from the case.  Thus, the only remaining claims are Alta's claims against GE.  GE filed its motion to withdraw the reference explaining that there are no bankruptcy-related issues in this case because Wattstock was dismissed, and therefore, this Court should withdraw the reference from the bankruptcy court.  In addition, the bankruptcy judge recommended that this Court remand this action to state court, pursuant to 28 U.S.C. §1452(B), largely because what was left of the pending case did not belong in the bankruptcy court.  (Doc. 3).  GE filed an objection to the report and recommendation.  (Doc. 6).

## II. Legal Standard

District courts have discretion to refer and withdraw references from the bankruptcy court.[1]  The Fifth Circuit instructs district courts to consider six factors

---

[1] *In re Mirant Corp.*, 197 Fed. Appx. 285, 294 (5th Cir. 2006).

to determine when withdrawing the reference is appropriate: (1) whether the matter is core or non-core, (2) whether the matter involves a jury demand, (3) whether withdrawal would further uniformity in bankruptcy administration, (4) whether withdrawal would reduce forum-shopping and confusion, (5) whether withdrawal would foster economical use of debtors' and creditors' resources, and (6) whether withdrawal would expedite the bankruptcy process.[2]

## III. Analysis

The Court concludes that withdrawing the reference at this time would promote fairness, efficiency, and judicial economy. This Court referred this case to the bankruptcy court for all pretrial matters. At that time, the action involved both core and non-core matters, and this Court concluded that allowing the bankruptcy court to handle pretrial matters would further both judicial economy and the important goal of uniformity and efficiency in bankruptcy administration. But now that the Chapter 11 debtor has been dismissed from the case, there is no nexus to bankruptcy. And the bankruptcy court agrees that "this litigation will have no impact on the administration of a bankruptcy estate, and no impact on any distributions made to any creditor. There is absolutely no 'relatedness' to a bankruptcy case at this point, as a practical matter."[3]

---

[2] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

[3] Doc. 3-1 at 8.

Only the state law claims between Alta and GE remain unadjudicated.  While the district court still retains jurisdiction over the state law claims,[4] "bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law."[5]  Instead, "[a]bsent consent, bankruptcy courts in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district courts review *de novo*."[6]  Under these circumstances, withdrawing the reference in this case, where only state law claims remain, would promote efficiency and judicial economy.

The remaining question is whether this Court should remand the case to state court.  As tempting as it is to quickly remove a case from the Court's docket, the Court declines to remand because the parties have litigated this case in federal court for several years now, and the claims do not present novel state law issues.  When deciding whether to remand pendent state law claims, courts are to exercise their discretion in a way that best serves the principles of economy, convenience, fairness and comity.[7]  In *Doddy*, the Fifth Circuit found that the district court had not abused its discretion in declining to remand after the bankruptcy-related claims were dropped because the parties had been litigating in federal court for two years, had

---

[4] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

[5] *Holland Am. Ins. Co.*, 777 F.2d at 998.

[6] *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) (cleaned up).

[7] *Doddy*, 101 F.3d at 456.

engaged in discovery, filed numerous pleadings, and the remaining claims did not raise novel state law issues.[8]  The Court has consistently followed this approach.[9]

Here, the parties have been litigating in federal court for over three years, including engaging in significant discovery and motions practice under the federal rules.  Remand would likely cause delay and waste resources, and it would be unfair to the parties to reset the case in a new jurisdiction after it has relied on federal rules to litigate much of this case already.  Moreover, Alta's remaining claims against GE could be readily decided in this Court by applying established state law principles. Therefore, the Court, in its discretion, declines to remand this action.

## IV. Conclusion

Accordingly, the Court **GRANTS** GE's motion to withdraw the reference. (Doc. 1).  The Court also finds that Civil Action No. 3:23-cv-0270-X and Civil Action No. 3:21-cv-3183-X should be consolidated under Federal Rule of Civil Procedure 42 and Northern District of Texas Local Civil Rule 42.1.

Going forward, all pleadings, motions, or other papers shall be filed in Civil Action No. 3:23-cv-0270-X and bear only the caption of that case, together with the legend required by Local Civil Rule 42.1.  And the Clerk of the Court shall administratively close Civil Action No. 3:21-cv-3183-X for statistical purposes.

**IT IS SO ORDERED** this 4th day of March, 2024.

---

[8] *Id.*

[9] *See Clapper v. Am. Realty Investors, Inc.*, Case No. 3:14-CV-02970-X, Docs. 901, 903 (N.D. Tex. Nov. 30, 2020) (Starr, J.) (overruling request to remand long-pending pending federal case to state court where only state law claims remained).

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE