UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTA POWER LLC, | § |
| | § |
| *Plaintiff, Counter-Defendant,* | § |
| | § |
| v. | § |
| | § Civil Action No. 3:23-cv-0270-x |
| GENERAL ELECTRIC | § |
| INTERNATIONAL, INC., d/b/a GE | § |
| POWER SERVICES, | § |
| | § |
| *Defendant/Counter-Plaintiff.* | § |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Alta Power LLC's ("Alta") motion for leave to file

an amended complaint (Doc. 36) and Defendant General Electric International Inc.'s

("GE") motion for leave to file a sur-reply (Doc. 45).  Having carefully considered the

parties' arguments, the underlying facts, and the applicable law, the Court **GRANTS**

both motions.  (Docs. 36, 45).

## I. Background

In the initial case, Wattstock LLC sued Alta in state court, and Alta brought

claims against GE.  Wattstock then removed the case to federal court after filing for

Chapter 11 bankruptcy.  The bankruptcy court filed a report and recommendation

proposing that this Court defer all pretrial matters to the bankruptcy court and

1

withdraw the reference when the case was ready for trial. This Court agreed, adopted the recommendation, and referred the case to the bankruptcy court.

In the bankruptcy court, Wattstock and Alta filed an agreed motion to dismiss their claims against one another, and the bankruptcy court granted the motion and dismissed Wattstock from the case. This Court withdrew the reference from the bankruptcy court. Now, Alta seeks to amend its complaint against GE to clarify its claims and factual allegations as well as assert new theories of liability. But GE contends that the amendment is sought in bad faith and would cause undue delay and prejudice to GE. The motion is ripe for the Court's consideration.

## II. Legal Standards

### A. Leave to File a Sur-Reply

The Local Civil Rules of the Northern District of Texas do not contemplate sur-replies.[1] Sur-replies become appropriate only when the movant "raises new legal theories or attempts to present new evidence at the reply stage, and only when a party seeks leave of court to file a sur-reply."[2] The decision to allow a sur-reply lies within the district court's discretion.[3]

### B. Leave to Amend Pleadings

Federal Rule of Civil Procedure 15(a) allows courts to "freely give leave [to amend] when justice so requires."[4] Decisions concerning motions to amend are

---

[1] *Nat'l Liab. & Fire Ins. Co. v. Young*, Civil Action No. 6:19-CV-031-H, 2020 WL 6119912, at *1 (N.D. Tex. Apr. 24, 2020) (Hendrix, J.).

[2] *Id.* (cleaned up).

[3] *Id.* at *2.

[4] Fed. R. Civ. P. 15(a)(2).

"entrusted to the sound discretion of the district court."[5]  To determine whether to grant leave to amend a complaint, courts consider factors such as: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment.[6]  But if there is not a clear reason to deny, "the leave sought should, as the rules require, be 'freely given.'"[7]

### III. Analysis

### A. GE's Sur-reply

GE contends that the Court should grant it leave to file a sur-reply because Alta raised new legal theories in its reply brief.  GE specifically points to multiple new arguments that Alta raised in its reply brief and urges the Court to allow it to reply to them.

The Court agrees that GE should be permitted to reply to new arguments raised by Alta in its reply.  Alta presented new theories in its reply, attempting to give the Court a fuller picture to decide the motion for leave to amend on.  GE should be given the opportunity to respond and an equal opportunity to give the Court the fullest picture possible when ruling on Alta's motion.  Accordingly, the Court grants GE's motion for leave to file a sur-reply and considers the sur-reply in rendering its

---

[5] *Quintanilla v. Tex. Television, Inc.,* 139 F.3d 494, 499 (5th Cir. 1998).

[6] *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003).

[7] *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).

decision on the motion for leave to file an amended complaint.

### B. Leave to Amend Alta's Complaint

Alta seeks to amend its complaint to bring new claims against GE. GE contends that Alta's motion for leave to amend is made in bad faith and granting it would unduly prejudice GE and unduly delay these proceedings. The Court will consider these arguments in turn.

### 1. Bad Faith

The Court concludes that there is no evidence of bad faith here. Bad faith amendments include those designed to gain tactical advantages or otherwise abuse procedures.[8] For example, courts deny leave to amend on bad faith grounds when plaintiffs knew of the facts underlying a proposed amendment before the action commenced but were first asserted in an obvious attempt to avoid summary judgment.[9] Likewise, courts also find bad faith when plaintiffs first bring favorable, but likely unsuccessful, claims and then seek to amend their complaint to retreat to less favorable claims.[10]

Neither situation appears here. Although GE contends that Alta acted to gain a tactical advantage because Alta knew its claims were meritless from this litigation's

---

[8] *Bracamontes v. Geovera Specialty Ins. Co.*, Civil Action No. 23-1593, 2024 WL 2271667, at *6 (E.D. La. May 20, 2024).

[9] *See Sabre, Inc. v. Lyn-Lea Travel Corp.*, No. Civ.A. 3:96-CV-2068-R, 2003 WL 21339291, at *20–21 (N.D. Tex. Jun. 5, 2003) (Ramirez, M.J.) (collecting cases).

[10] *Id.*

onset, GE offers no support for this contention.  At most, GE says that Alta ultimately withdrew some of its initial claims.  But that alone fails to show bad faith.

GE also asserts that Alta sought to gain a tactical advantage by forcing GE to burn through discovery before amending the claim.  But Alta brought this motion prior to the Court's deadline to file motions for leave to amend pleadings and well before the close of discovery.  Thus, GE's argument rings hollow, especially given that discovery may be extended for cause if necessary.

Finally, GE argues in its sur-reply that Alta showed bad faith by re-writing its proposed complaint.  But GE fails to show how this meets the bad faith standards set by case law.  While Alta's actions may demonstrate a lack of courtesy to GE, this does not make it bad faith.  The Court thus finds no reason to deny this motion on the basis of bad faith.

### 2. Undue Delay

GE also argues that allowing leave to amend would cause undue delay.  The Court disagrees.  A party filing a motion for leave to amend by the court ordered deadline enjoys a "presumption of timeliness."[11]  Even when plaintiffs knew of new claims or liability theories at an earlier date, if plaintiffs nonetheless file prior to the deadline, they still enjoy the timeliness presumption.[12]

Alta timely filed the present motion prior to the Scheduling Order's May 14, 2024, deadline.  Because of this, "the argument that the timely amendment caused

---

[11] *Lockheed Martin Corp. v. Howmet Aero. Inc.*, Civil Action No. 4:23-cv-01204-O, 2024 WL 990066, at *1 (N.D. Tex. Feb. 12, 2024) (O'Connor, J.).

[12] *See id.*

undue delay lacks force without a substantial reason."[13]  Here, GE argues that Alta delayed because it "knew the facts all along."[14]  As this Court has noted previously, "[d]elay alone is [an] insufficient basis to deny a motion for leave to amend."[15]  The delay must result in unwarranted burdens on the court or prejudice to the non-moving party.[16]  GE failed to show how Alta's timely motion caused *undue* delay, even if Alta did "[know] the facts all along."[17]  As a result, the Court determines that granting Alta's motion for leave to amend will not result in undue delay.

### 3. Prejudice

Finally, GE argues that granting the motion for leave will prejudice GE by locking GE out of discovery on the new claims.  But the Court concludes that the amendment will not cause undue prejudice to GE, especially given that discovery period has not concluded yet and Alta's new claims arise from the same facts as its prior claims.

Prejudice may exist when a party asserts a claim "after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial."[18]  None of these situations exist here.  Likewise, proposed amendments become prejudicial when they "fundamentally alter the nature of the

---

[13] *Id.*

[14] Doc. 37 at 16.

[15] *McConnell v. Southwestern Bell Tel. L.P.*, Civil Action No. 3:20-CV-01457-X, 2021 WL 1561435, at *4 (N.D. Tex. Apr. 21, 2021) (Starr, J.).

[16] *Id.*

[17] Doc. 37 at 16.

[18] *Lockheed Martin Corp.*, 2024 WL 990066, at *2.

case" or "dramatically alter the subject matter of the suit at a late juncture."[19]  The proposed amendments will not cause such a disruption.  The new claims arise from the same nexus of facts as the existing claims.  That close relationship between the new and existing claims undercuts GE's contention that they significantly prejudice GE.  And the new claims do not "dramatically alter" the case's subject matter.[20]  They instead present new theories of liability for the same nexus of facts.

GE's argument that allowing these new claims locks GE out of discovery ignores that discovery has not yet concluded.  If GE truly needs more time for discovery, the Court may extend it on a motion for cause.  Furthermore, the nature of the new claims undermines GE's assertion.  GE argues that much of the existing discovery was expended on claims that no longer exist.  But the new claims arise from the same facts as those claims.  As such, much of the existing discovery will likely overlap with the discovery for the new claims, undercutting GE's argument.[21]

In its sur-reply, GE re-urges that argument by pointing to what it views as specific instances of wasted discovery.  GE specifically points to the dispute over the "existence of termination fees" and the amount of pages spent in the deposition transcript on the Castleman Claim.  These arguments fall flat for the same reasons:

---

[19] *Id.*

[20] *Id.*

[21] *See id.*

it ignores that discovery has not yet concluded and may be extended.  The Court therefore determines that granting this motion would not unfairly prejudice GE.

## IV. Conclusion

Considering the discussion above, the Court **GRANTS** the motion for leave to file a sur-reply (Doc. 45) and the motion for leave to file an amended complaint (Doc. 36).  Accordingly, the Court **INSTRUCTS** the Clerk to file Doc. 36-1 as a separate docket entry.

**IT IS SO ORDERED** this 31st day of July, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

8