UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTA POWER LLC,<br><br>   *Plaintiff, Counter-Defendant,*<br><br>v.<br><br>GENERAL ELECTRIC INTERNATIONAL, INC., d/b/a GE POWER SERVICES,<br><br>   *Defendant/Counter-Plaintiff.* | §§§§§§§§§§§§ Civil Action No. 3:23-CV-0270-X |

## AMENDED SCHEDULING ORDER

The Court **GRANTS IN PART** the parties' Joint Motion to Amend the Scheduling and Discovery Order (Doc. 58) and it sets the following amended schedule for this case's disposition.[1]

1. The jury trial is scheduled on this Court's two-week docket beginning July 21, 2025 at 9:00 AM.

2. A Pretrial Conference is scheduled for July 14, 2025 at 9:00 AM.

3. The party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Fed. R. Civ. P. 26(a)(2) by December 2, 2024.

4. Rebuttal designation of expert witnesses and compliance with Fed. R. Civ. P. 26(a)(2) shall be made by January 3, 2025.

5. All discovery procedures shall be initiated in time to complete discovery by January 24, 2025.[2]

---

[1] Unless the Court orders otherwise, the Parties must observe the Federal Rules of Civil Procedure and the local rules of this Court.

[2] The parties generally may agree to extend this discovery deadline, provided that the extension does not affect any subsequent deadlines and the parties notify the Court in writing. The Court retains the right to reject an agreed extension.

6. The parties shall mediate their case by March 3, 2025.

7. Counsel shall confer and file a joint report setting forth the status of settlement negotiations by March 10, 2025.

8. All motions for summary judgment shall be filed by March 17, 2025.[3]

9. All challenges to experts—including motions to strike or exclude expert witnesses—shall be filed by March 17, 2025.

10. The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[4] The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether. Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[5]

    A party seeking to file a specific document under seal[6] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[7] explaining and

---

[3] Counsel should review carefully Local Rule 56.2(b), which limits to one the number of summary judgment motions that a party may file "[u]nless otherwise directed by the presiding judge, or permitted by law."

[4] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

[5] "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up). "The rationale for public access is even greater" in cases that "involve matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520 (cleaned up); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[6] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. We will abide no such absurdity." (cleaned up)).

[7] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal

briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[8] Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[9]

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

11. Counsel shall file by July 7, 2025 a Joint Pretrial Order containing the information required by Local Rule 16.4 plus the following:

   a. A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian." A copy of this list must be furnished to the court reporter prior to trial;
   b. A ***joint*** proposed jury charge. The parties must submit the proposed charge to the Court in Word format. The parties must annotate the joint proposed charge, explaining any objections and including citations to pattern jury instructions or caselaw.
   c. Proposed interrogatories

---

when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[8] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket). Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

[9] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

    d. The status of settlement negotiations as of the date of the Pretrial Order;
    e. Each party's proposed *voir dire* questions if the matter is a jury trial. The Court will allow attorneys an allotted time to conduct questioning at *voir dire* so long as the questions are approved in advance by the Court. The Court reserves the right to conduct further questioning at the conclusion of attorney questioning; and
    f. Trial briefs may be filed with the Pretrial Order but are not required unless specifically requested by the Court.

12. Regarding exhibit lists, exhibits, witness lists, and deposition designations, the parties shall comply with Local Rule 26.2 by July 7, 2025. This includes providing copies of your trial exhibits to the Court on a USB flash drive or by email at Starr_Orders@txnd.uscourts.gov.[10] Deposition designations should be made for only those witnesses who qualify as "unavailable" for trial under Federal Rule of Civil Procedure 32(a)(4). The parties should brief the Court on why a given witness counts as unavailable under Rule 32. Deposition designations should *not* be made for witnesses who will testify live.

13. Motions in limine shall be filed by July 7, 2025. The parties must file responses to the motions in limine by July 10, 2025.

14. Objections to witnesses (except expert witnesses), exhibits, and deposition designations shall be filed by July 10, 2025. Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility.

15. Objections to the interrogatories shall be filed by July 10, 2025.

16. The parties must confer and file, by July 10, 2025 at 5:00 PM, a joint status report on pretrial objections to exhibits, witnesses (except expert witnesses), and deposition designations.

## I.   Exhibits, Depositions, and Witnesses

The Court expects that the parties will reach agreements resolving those evidentiary issues that are governed by well-settled and clearly established law. The report should then list the objections that the parties maintain. Objections must be explained in writing, similar to what would occur in a

---

[10] The Court will not accept original exhibits prior to trial. Original exhibits are retained by counsel and are admitted into the official record during trial. It is counsel's duty to care for the original exhibits before and after trial. At the end of trial, the Court will return the original exhibits to counsel and counsel will sign a Receipt of Exhibits. The Court will file the Receipt of Exhibits with the District Clerk. It is counsel's responsibility to forward any exhibits to the Court of Appeals should the case be appealed. All questions regarding exhibits are to be directed to the court reporter.

sidebar conference. Merely citing to a rule number is not sufficient.

a. <u>Exhibits</u>: Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility. The Court will only admit into evidence exhibits the parties offer at trial.[11] For each exhibit objected to, the report shall list the exhibit number, a concise, non-argumentative description of the exhibit, the concise written basis for the objection with a citation to relevant authority, and a concise written response to the objection with a citation to the relevant authority.

b. <u>Depositions</u>: For each witness the plaintiff will present by deposition (*i.e.* not a live witness), counsel must designate excerpts by page and line. The plaintiff must include an opposing party's counter-designations, chronologically interspersed throughout a single, joint designation form for each witness. Each designated excerpt should note the party making the designation, whether there is an objection, the concise written basis for the objection with a citation to relevant authority, and a concise written response to the objection with a citation to relevant authority. The defendant must complete the same process for witnesses to be presented by deposition in the defendant's case-in-chief only. The parties must attach the full deposition at issue for each witness.

c. <u>Witnesses</u>: The report shall include a concise, non-argumentative statement summarizing the witness and his/her connection to the facts. The party making an objection to the witness's testimony must then make a concise explanation of the objection with a citation to relevant authority. The party presenting the witness must then make a concise response to the objection with a citation to relevant authority. The Court highly disfavors arguments about excluding the entirety of fact witness testimony.

The status report should organize the objections in table format, according to the examples below:

| Exhibit Number | Concise non-argumentative description of Exhibit | Objection with concise explanation and authority. | Response with concise explanation and authority. |
| --- | --- | --- | --- |

---

[11] This does not mean the parties cannot bring into evidence a document not admitted in conjunction with a witness. The parties may agree to the admissibility of certain exhibits that are never discussed with a witness and ask the Court to admit them into evidence at the close of that party's case and be sent with the jury for deliberation. Or evidence brought in through a proper records custodian by affidavit may qualify to go back to the jury room. But the Court is not inclined to admit into evidence *en masse* exhibits only tangentially connected to the case actually presented to the jury.

| Deposition Designation with Page and Line Numbers | Counter-designation (if applicable) with Page and Line Numbers | Excerpt Objected to with Page and Line Numbers | Objection with concise explanation and authority. | Response with concise explanation and authority. |
|---|---|---|---|---|

| Witness | Concise non-argumentative summary of witness and connection to facts | Concise non-argumentative identification of what aspect of the Witness's testimony is objected to | Objection with concise explanation and authority. | Response with concise explanation and authority. |
|---|---|---|---|---|

17. The Court will view with disfavor and will deny—absent a showing of good cause—requests for extensions of these deadlines.

18. At the pretrial conference, the Court will determine the order in which the cases on its two-week docket will be tried. Counsel and the Parties shall be ready for trial on 48-hours' notice at any time during the docket period.

**IT IS SO ORDERED** this 21st day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

6