IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTA POWER LLC,<br><br>*Plaintiff/ Counter-Defendant,*<br><br>v.<br><br>GENERAL ELECTRIC INTERNATIONAL INC., d/b/a GE POWER SERVICES,<br><br>*Defendant/ Counter-Plaintiff.* | Case No. 3:23-CV-0270-X |

### **ALTA POWER LLC'S AMENDED ANSWER TO GE'S COUNTERCLAIMS**

Alta Power LLC ("Alta") files this Amended Answer to the counterclaims incorporated by reference in GE Vernova International, LLC's d/b/a GE Power Services' ("GE") Counterclaim (ECF 57). Except as otherwise expressly admitted, Alta denies each allegation contained in GE's Counterclaim, and responds to GE's counterclaims as follows:

### **INTRODUCTION**

1. Alta denies that Alta "has waived its right to seek any incidental, indirect, or consequential damages from GE."

2. Alta admits the allegations contained in Paragraph 2.

3. The Master Agreement is a written agreement between Alta and Wattstock whose terms speak for itself. Alta denies the allegations contained in Paragraph 3 to the extent GE attempts to claim any right under the Master Agreement for its conduct in this case.

4. The Master Agreement is a written agreement between Alta and Wattstock whose terms speak for itself. Alta denies the allegations contained in Paragraph 4 to the

extent GE attempts to claim any right under the Master Agreement for its conduct in this case.

5. Alta admits the allegations contained in Paragraph 5. Alta has brought further claims against GE in addition to the vicarious liability causes of action Alta asserts against GE.

6. Paragraph 6 does not make a factual allegation as to Alta. To the extent GE purports it does, Alta denies any factual allegations contained in Paragraph 6 and denies GE is entitled to the relief it seeks in Paragraph 6.

7. Paragraph 7 does not make a factual allegation as to Alta. To the extent GE purports it does, Alta denies any factual allegations contained in Paragraph 7 and denies GE is entitled to the relief it seeks in Paragraph 7.

## PARTIES

8. Paragraph 8 does not make factual allegations as to Alta.

9. Alta admits the allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10. Alta admits that the amount in controversy exceeds $75,000, but denies the remainder of the legal conclusions contained in Paragraph 10. This Court does not have subject matter jurisdiction over this case, and the case should be remanded to Dallas County District Court.

11. Alta admits the allegations contained in Paragraph 11.

12. Alta denies that this Court has jurisdiction over this case. However, to the extent that the Court disagrees and finds that it has jurisdiction, Alta admits that venue in the Northern District of Texas is proper.

## FACTUAL BACKGROUND

13. Alta admits the allegations contained in Paragraph 13.

14. Alta admits the allegations contained in Paragraph 14.

15. Alta denies the allegation contained in Paragraph 15.

16. The Master Agreement is a written agreement between Alta and Wattstock, the terms of which speak for itself. Alta admits that the Master Agreement contains the language in Paragraph 16, and that the Master Agreement conditionally limits Alta and WattStock's liability *to one another* in certain circumstances to the extent the Master Agreement is enforceable (which it is not since it was procured by fraud). Alta otherwise denies the allegations contained in Paragraph 16.

17. Paragraph 17 recites a paragraph from the Master Agreement. No factual allegation is made.

18. Alta admits that the quote in Paragraph 18 accurately sets forth the text of Article 9.1(B) of the Master Agreement, but denies that that provision "applies to Alta, WattStock, and the Parties' respective officers, directors, partners, employees, contractors, or subcontractors" in this case, and further denies that Section 9.1(B) is applicable to or can be invoked by GE in this case.

19. Alta denies the allegations contained in Paragraph 19.

20. Alta denies the allegations contained in Paragraph 20.

21. Alta admits that Article 12.3 of the Master Agreement does provide, in part, that "each party has hereto has been represented by counsel and participated in the drafting of this agreement." Alta denies the remaining factual allegations contained in Paragraph 21.

22. Alta admits the allegations contained in Paragraph 22.

23. Alta denies the allegations contained in Paragraph 23.

24. Alta admits the allegations contained in Paragraph 24.

25. Alta admits that it filed a Third-Party Petition against GE on February 24, 2021, and further admits that it asserted that GE was vicariously liable for the damages caused by WattStock's various breaches and tortious conduct. Alta denies the remainder of the allegations contained in Paragraph 25.

26. Alta admits the allegations contained in Paragraph 26.

27. Alta admits the allegations contained in Paragraph 27.

28. Alta admits the allegations contained in Paragraph 28.

29. Alta denies the allegations contained in Paragraph 29.

30. Alta admits that GE filed a Third-Party Answer in Cause No. DC-20-08331 on June 18, 2021, and also admits that July 18, 2021 pre-dates the removal of this case to this Court. Alta otherwise denies the allegations contained in Paragraph 30.

## CAUSES OF ACTION

### Count I: Declaratory Judgment (Incidental, Indirect, and Consequential Damages)

31. Alta repeats and incorporate by reference the responses contained in each of the foregoing Paragraphs.

32. Alta admits that the Master Agreement contains the language quoted in Paragraph 32, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

33. Alta denies the allegations contained in Paragraph 33, as well as the legal conclusion contained in Paragraph 32.

34. Alta denies the allegations contained in Paragraph 34.

35. Alta denies the allegations contained in Paragraph 35.

36. Alta denies that GE is entitled to the relief it seeks in Paragraph 36. To the extent there are any factual allegations in Paragraph 36, Alta denies those allegations.

37. Alta denies that GE is entitled to the relief it seeks in Paragraph 37. To the extent there are any factual allegations in Paragraph 37, Alta denies those allegations

38. Alta denies that GE is entitled to the relief it seeks in Paragraph 38. To the extent there are any factual allegations in Paragraph 38, Alta denies those allegations

### Count II: Declaratory Judgment (Limitation of Liability)

39. Alta repeats and incorporates by reference the responses contained in each of the foregoing Paragraphs.

40. Alta admits that the Master Agreement contains the language quoted in Paragraph 40, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

41. Alta admits the allegations contained in Paragraph 41.

42. Alta denies the allegations contained in Paragraph 42.

43. Alta admits the allegations contained in Paragraph 43.

44. Alta denies that GE is entitled to the relief it seeks in Paragraph 44. To the extent there are any factual allegations in Paragraph 44, Alta denies those allegations.

45. Alta denies that GE is entitled to the relief it seeks in Paragraph 45. To the extent there are any factual allegations in Paragraph 45, Alta denies those allegations.

46. Alta denies that GE is entitled to the relief it seeks in Paragraph 46. To the extent there are any factual allegations in Paragraph 46, Alta denies those allegations.

47. Alta denies that GE is entitled to the relief it seeks in Paragraph 47. To the extent there are any factual allegations in Paragraph 47, Alta denies those allegations.

48. Alta denies that GE is entitled to the relief it seeks in Paragraph 48. To the extent there are any factual allegations in Paragraph 48, Alta denies those allegations.

### Count III: Breach of Contract (Incidental, Indirect, and Damages)

49. Alta repeats and incorporate by reference the responses contained in each of the foregoing Paragraphs.

50. Alta denies the legal conclusions contained in Paragraph 50. To the extent there are any factual allegations in Paragraph 50, Alta denies those allegations.

51. Alta denies the legal conclusion contained in Paragraph 51. To the extent there are any factual allegations in Paragraph 51, Alta denies those allegations.

52. Alta denies the legal conclusions contained in Paragraph 52. To the extent there are any factual allegations in Paragraph 52, Alta denies those allegations.

53. Alta admits that the Master Agreement contains the language quoted in Paragraph 53, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

54. Alta admits that the Master Agreement contains the language quoted in Paragraph 54, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

55. Alta denies the allegations contained in Paragraph 55.

56. Alta denies the legal conclusion contained in Paragraph 56. To the extent there are any factual allegations in Paragraph 56, Alta denies those allegations.

57. Alta admits that GE held itself out as Wattstock's partner, and that Alta alleges GE is vicariously liable for Wattstock's conduct as well as GE's own tortious conduct. To the extent Paragraph 57 contains additional factual allegations, those allegations are denied.

58. Alta denies the allegations contained in Paragraph 58.

59. Alta denies the allegations contained in Paragraph 59.

60. Alta denies the allegations contained in Paragraph 60.

61. Alta denies the allegations contained in Paragraph 61.

### REQUEST FOR ATTORNEYS' FEES

62. Alta denies that GE is entitled to the relief it seeks in Paragraph 62.

### CONDITIONS PRECEDENT

63. Alta denies that GE is entitled to the relief it seeks in Paragraph 63. To the extent there are any factual allegations in Paragraph 63, Alta denies those allegations.

## ALTA'S AFFIRMATIVE AND OTHER DEFENSES

1. GE has failed to state a claim against Alta upon which relief can be granted.

2. GE lacks standing to enforce the Master Agreement because it is neither a party to nor an intended third-party beneficiary of the Master Agreement.

3. GE lacks standing to enforce the Master Agreement because of ambiguity.

4. GE lacks standing to enforce the Master Agreement because there is no privity between Alta and GE with respect to the Master Agreement.

5. GE's claims/requests for relief fail because the Master Agreement because the Master Agreement was procured by both GE and WattStock's fraud and fraudulent representations.

6. GE's claims are barred, in whole or in part, by the doctrine of laches, acquiescence, equitable estoppel, promissory estoppel, and unclean hands.

Alta reserves the right to assert any other affirmative defenses during and following discovery in this action.

## ALTA'S REQUESTS FOR RELIEF

WHEREFORE, Alta prays that GE's counterclaims be dismissed, and that this Court award Alta their costs and reasonable attorneys' fees in defending against GE's counterclaims, and award such other and further relief to which Alta may be justly entitled.

## DEMAND FOR JURY TRIAL

Alta hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By:      /s/ *Joseph W. Golinkin II*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Suite 2300
    Houston, Texas 77056
    Telephone: 713.955.4025
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

BAKER BOTTS L.L.P.

    Jessica B. Pulliam
    State Bar No. 24037309
    John B. Lawrence
    State Bar No. 24055825
    Kirstie L. Wallace
    State Bar No. 24115920
    2001 Ross Avenue, Suite 900
    Dallas, Texas 75201
    Telephone: (214) 953-6500
    Facsimile: (214) 953-6503
    jessica.pulliam@bakerbotts.com
    john.lawrence@bakerbotts.com
    Kirstie.wallace@bakerbotts.com

ATTORNEYS FOR ALTA POWER LLC

**CERTIFICATE OF SERVICE**

    This certifies that a copy of the above and foregoing was sent to all counsel of record via the Court's electronic filing system on September 4, 2024,

                  */s/ Jeb Golinkin*
                 Joseph W. Golinkin II