IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALTA POWER LLC,

      Plaintiff/ Counter-Defendant,

v.

GENERAL ELECTRIC INTERNATIONAL
INC., d/b/a GE POWER SERVICES,

      Defendant/ Counter-Plaintiff.

Case No. 3:23-CV-0270-X

## ALTA POWER LLC'S RESPONSE IN OPPOSITION TO GE'S EMERGENCY MOTION TO COMPEL DISCOVERY AND FOR RULE 37 SANCTIONS AND TEMPORARY STAY

## Table of Contents

I.    INTRODUCTION ...............................................**Error! Bookmark not defined.**

II.   BACKGROUND .................................................................................2

III.  LEGAL STANDARD ..........................................................................5

IV.   ARGUMENT .....................................................................................5

    A.  The Court should Deny GE's Motion To Compel. ........................................6

    1.  Alta did not waive any privilege by designating Laterza as a non-retained expert who can competently offer opinion testimony. ................................................ 6

    2.  Alta's communications with William Mars are protected from disclosure by the Federal Rules of Civil Procedure. ...................................................................... 11

    3.  The Court cannot compel Mars or Laterza to comply with the subpoenas because GE did not properly serve the subpoenas, and even if they had, GE's demands violate the parties Rule 11 and are untimely. ............................................... 12

    B.  GE Is Not Entitled To Rule 37 Sanctions. .....................................................13

    1.  Alta did not violate Judge Horan's October 10, 2024 Order. 14

    2.  GE has not sustained any prejudice as a result of the production of the 28 documents about which GE complains. ................................................................16

    3.  The Court's ruling on this Motion will have little effect on the scope of Mimms' (or GE's rebuttal expert's) testimony. ................................................................17

    4.  Alta has already agreed to give GE a full week extension. .........................17

    5.  Alta did not manipulate evidence. .............................................................18

    C.  GE's Request For A Stay Is A Delay Tactic. .................................................19

    D.  GE Is Not Entitled To Attorneys' Fees. .......................................................19

V.    CONCLUSION .................................................................................20

## Table of Authorities

*Advanced Magnesium Alloys Corp. v. Dery,*
2022 WL 16743623, at *8 (S.D. Ind. Nov. 7, 2022) .................................................. 8, 10

*Barrett v. Atl. Richfield Co.,*
95 F.3d 375 (5th Cir. 1996) ............................................................................................... 14

*Commonwealth Edison Co. v. Davey Res. Grp., Inc.,*
2024 WL 5438533, at *3 (N.D. Ill. June 28, 2024) .................................................. 10, 11

*Crosswhite v. Lexington Ins. Co.,* 321 Fed. Appx. 365 (5th Cir. 2009) ..................................... 5

*Harris v. BMW of N. Am., LLC,*
2021 WL 3287859, at *4 (E.D. Tex. Aug. 2, 2021) ........................................................... 18

*Hernandez v. City of Corpus Christi,*
No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011).................................... 13

*ICON Internet Competence Network B.V. v. Travelocity.com LP,*
2013 WL 655024, at *5 (N.D. Tex. Feb. 22, 2013) ........................................................... 18

*Illinois League of Advocates for Developmentally Disabled v. Illinois Dep't of Hum. Servs.,*
2013 WL 12447206, at *2 (N.D. Ill. Sept. 25, 2013)......................................................... 10

*In re Paraquat Prods. Liab. Litig.,*
2022 WL 17688341, at *5 (S.D. Ill. Dec. 15, 2022)..................................................... 10, 11

*Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.,*
849 F.3d 355 (7th Cir. 2017)............................................................................................... 7

*Lexington Ins. Co. v. Harvia Oy,*
2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013).................................................... 12

No. 10 C 715, 2020 WL 12309208, at *2 (N.D. Ill. Sept. 14, 2020) ....................................... 8, 9

*PACT XPP Techs., AG v. Xilinx, Inc.,*
No. 2:07-CV-563-RSP, 2012 WL 1205855, at *4 (E.D. Tex. Apr. 11, 2012)........... 8, 9, 10

*Reyes v. City of Farmers Branch,*
2008 WL 4791498, at *3 (N.D. Tex. 2008) ....................................................................... 14

*Reyes v. City of Farmers Branch, Texas,*
No. 3:07-CV-900-O, 2008 WL 4791498, at *4 (N.D. Tex. Nov. 4, 2008) ....................... 18

*United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC,*
2024 WL 4508961, at *10 (N.D. Tex. Oct. 15, 2024) ................................................... 7, 18

*United States ex rel. Wall v. Vista Hospice Care,*
319 F.R.D. 498 (N.D. Tex. 2016) (Horan, J.) ................................................................... 11

*United States v. Sierra Pac.*, 2011 WL 2119078 (E.D. Cal. May 26, 2011) ........................... 8, 9

*Young v. Ershick,*
2022 WL 1557666, at *1 (E.D. Tex. May 17, 2022) ......................................................... 12

Alta Power LLC ("Alta") files this Response in Opposition to General Electric International Inc.'s ("GE") Emergency Motion to Compel Discovery and for Rule 37 Sanctions and Temporary Stay (ECF 81).

## I.    SUMMARY OF ARGUMENT

This case—now approaching five years of age—is set for trial in August. In its most recent Scheduling Order, this Court made clear that it "will view with disfavor and will deny—absent a showing of good cause—requests for extensions of" the dispositive motion deadlines or the trial setting. Yet GE now seeks to circumvent that clear directive, asking the Court to stay the Scheduling Order while it pursues a baseless demand for Alta's privileged emails and presses an equally meritless Motion for Sanctions under Rule 37.

The Court should reject GE's latest effort to delay trial. Contrary to GE's assertions, Alta has not waived the attorney-client privilege or work-product protection that shields its communications with counsel about its litigation strategy. Nor does Rule 26(b)(4) permit disclosure of communications between Alta's counsel and its retained expert, William Mars. GE's attempt at an end-run around the Court's Scheduling Order is further undercut by its failure to properly serve either Laterza or Mars with the subpoenas at issue.

GE's request for discovery sanctions fares no better. Alta did not violate Judge Horan's October 10, 2024 Order by supplementing its production on February 26. Alta's supplemental production was only 18 hours late, and Alta has already agreed to give GE an additional week to respond to its damages expert's report.

In short, GE's Motion is legally and factually groundless. Its request for a stay is nothing more than a transparent attempt to delay trial. The Court should deny the Motion and direct GE to comply with the Scheduling Order.

## II.    BACKGROUND

This case is more than five years old, and has been on this Court's docket for more than two years.[1] This Court just recently rejected joint attempts to push the trial setting in this case into October of this year and instead set this case for trial during the two-week period beginning on August 11, 2025.[2] The Scheduling Order here provides that "all discovery procedures shall be initiated in time to complete discovery by February 24, 2025."[3] But the Court's Scheduling Order also states that the parties "generally may agree to extend this discovery deadline, provided that the extension does not affect any subsequent deadlines and the parties notify the Court in writing."[4] The parties subsequently agreed to extend the deadlines for serving their expert reports to February 25 (from January 3) and March 25 (from February 3).[5] In their stipulation related to these agreed extensions, the parties jointly told the Court that this extension would not impact any subsequent deadlines.[6]

Consistent with the Scheduling Order, Alta (as the party with the burden of proof on most claims) designated retained expert witnesses Quentin Mimms; Eric Rodriguez, and William Mars, and designated Alta's CFO Matthew Laterza as a non-retained expert on February 25, 2025.[7] That same day, Alta also served expert reports for all three of its retained expert witnesses and served updated Rule 26 disclosures.[8] Three of these designations are relevant to the instant Motion.

**Matt Laterza:** Alta designated Alta's CFO Matt Laterza as a non-retained expert who, in addition to serving as Alta's principal fact witness (he also served as Alta's corporate representative and verified Alta's interrogatory answers), will provide non-

---

[1] Bankruptcy ECF ("BRECF") 1; ECF 1.
[2] ECF 73.
[3] *Id.* at ¶ 5.
[4] *Id.* at FN 2.
[5] ECF 76.
[6] *Id.*
[7] ECF 83 at Appx. Ex. J.
[8] *Id.*

retained expert testimony about, among other things, the peaker power business in ERCOT, the providers that Alta could have turned to provide the warranted and refurbished LM6000 packages Alta needed to carry out its business plan, the process of obtaining financing for peaker projects, the bankability of the various hardware options available to Alta, Alta's peaker hedging strategies, and Alta's strategy for procuring the necessary natural gas for a natural gas powered peaking power plant and the merits and drawbacks of these methods.[9]

**William Mars:** William Mars is a retained expert with extensive, specialized experience in gas turbine power plants, particularly refurbished LM6000 units. He was retained specifically to analyze and opine on ProEnergy's capacity to deliver LM6000 units, their market pricing, timelines, and capabilities—issues that require specialized industry expertise rather than mere factual recitation. Mars reviewed industry documents, Alta's specific project requirements, and employed his deep expertise in power generation management to provide informed expert opinions about hypothetical scenarios (such as timelines for construction and operation had Alta proceeded with ProEnergy instead of GE).

**Quentin Mimms:** Alta designated Alvarez and Marsal's Quentin Mimms as a retained expert to testify about Alta's damages. In his report, which spans 4,212 pages including attachments, Mimms explains that he will testify that Alta suffered lost profits of between $193.6 million and $407.3 million.[10] Mimms also opines that Alta suffered reliance damages of $6,175,256.[11]

Less than 24 hours after serving its expert reports, Alta supplemented its discovery responses by producing 104 previously unproduced documents that were considered by its retained expert witnesses.[12] Nearly all of these documents consist of documentary

---

[9] ECF 83 at Appx. 61.
[10] ECF 83-1 at Appx. 252.
[11] *Id.* at Appx. 288.
[12] ECF 83 at Ex. M.

support related to Alta's claim for reliance damages, which will not be a primary topic of Mr. Mimms' testimony (the overwhelming majority of his report is devoted to Alta's claim for in excess of $400 million in lost profits).[13]

On February 27, 2025—two days after the end of discovery—GE wrote Alta and demanded Alta produce hundreds of privileged communications related to Alta's litigation strategy as well as protected communications between Alta's lawyers and its retained expert witnesses because GE claimed Alta waived its privilege with respect to its communications with its CFO as well as with retained expert William Mars.[14] GE also included two third party subpoenas addressed to Laterza and Mars that commanded them to produce their privileged and/or protected communications with Alta's lawyers.[15]

Less than a week later, Alta objected to GE's third-party subpoenas because they were (1) untimely; (2) not properly served; and (3) improperly commanded the production of privileged communications.[16]

On March 2, GE sent Alta another letter, this time regarding Mimms' damages expert report. In that letter, GE (1) complained that Alta had supplemented its production of Mimms' reliance materials less than 24 hours after Alta timely served Mimms' expert report; (2) claimed it could not locate publicly available materials cited in Mimms' report; (3) claimed Mimms' report "could not be effectively reviewed given its numerous citation errors"; and (4) accused Alta of "withholding" and "altering" "key documents" during the course of this litigation."[17]

GE's complaints and demands were and are baseless. Still, Alta provided GE copies of all publicly available documents cited in the Mimms report, provided a list of

---

[13] ECF 83-1 at App. 286-288.
[14] ECF 83 at Ex. I.
[15] ECF 83 at Ex. J.
[16] ECF 83 at Exs. K, L.
[17] ECF 83 at Ex. S.

hyperlinks even though those links were provided in the Mimms expert report, and corrected numerous factual errors in GE's letter.[18] Alta also offered GE more time to respond to Mimms' report, but GE rejected Alta's offer and filed the instant motion.[19]

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. See Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv); accord *Crosswhite v. Lexington Ins. Co.*, 321 Fed. Appx. 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received.").

GE's Motion for Sanctions is governed by Rule 37(b)(2). Under that Rule, a court may prevent Alta from introducing certain evidence, but only if the Court finds that Alta "failed to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).

### IV.    ARGUMENT

In the instant Motion, GE asks the Court to order Alta to produce hundreds of emails with its lawyers about its litigation strategy, as well as all of Alta's protected communications with one of Alta's retained experts. GE also asks the Court to prohibit Alta's damages expert from relying on 28 documents it claims should have produced before November 7, 2024, and for an indefinite stay of this case pending resolution of this Motion.

GE's Emergency Motion should be denied because GE's third-party subpoenas exclusively seek privileged materials, were untimely, and were not properly served on Matt Laterza or William Mars. GE's Rule 37 motion is equally baseless: GE was not harmed by the less than 24-hour delay of Alta's supplemental production of documents

---

[18] ECF 83 at Ex. R.
[19] Alta Appx. at 37.

Mimms relied on to calculate Alta's reliance damages, particularly since Alta has agreed to give GE an additional week to respond to Mimms' expert report.

## A. The Court should Deny GE's Motion To Compel.

In its Motion, GE asks the Court to command Alta's CFO (Matt Laterza) and one of its retained experts (William Mars) to comply with Rule 45 subpoenas GE emailed to Alta's lawyers three days after discovery ended. The Court should deny GE's Motion to Compel in its entirety for several reasons.

### 1. *Alta did not waive any privilege by designating Laterza as a non-retained expert who can competently offer opinion testimony.*

Matt Laterza is Alta's CFO and was the chief architect of Alta's business model. In this role, Laterza served as the primary point of contact between Alta and GE and WattStock. Laterza personally attended nearly every meeting of consequence in this case, and Laterza personally received nearly all of the misrepresentations that give rise to Alta's claims against GE in this case. As a result, Laterza has been involved in every aspect of this litigation. Among other things, Laterza has been deposed twice in his individual capacity and provided more than ten hours of testimony as Alta's corporate representative. Laterza also verified all of Alta's interrogatory answers. As a result, Laterza has exchanged more than 300 emails with Alta's lawyers related to Alta's litigation strategy.

In its Motion, GE argues Alta waived its attorney-client privilege and work product protection associated with Alta's communications with Laterza by designating Laterza as a non-retained expert.[20] Based on this remarkable proposition, GE asks the Court to order Alta to produce "all Laterza documents previously withheld as privileged."[21] The Court should and must deny GE's radical demand.

---

[20] ECF 82 at 12.
[21] *Id.*

Rule 26 permits parties to rely on the testimony of two different categories of experts: reporting and non-reporting. Reporting experts are those retained specifically to provide expert testimony, Fed. R. Civ. P. 26(a)(2)(B); non-reporting experts (or hybrid fact/expert witnesses) provide their expert testimony based on information gained through their own "percipient observations." *United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC*, 2024 WL 4508961, at *10 (N.D. Tex. Oct. 15, 2024). "'These witnesses must testify from the personal knowledge they gained on the job,' which "may limit their testimony.'" *Id.* (quoting *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017)). "These experts still 'may be asked questions that implicate their expertise,' however, 'they cannot be asked to opine about broader issues beyond their own personal involvement." *Id.* Non-retained expert witnesses "are typically limited to testifying about their opinions formed as a result of their knowledge of the case gained through direct observation." *Id.* "[A] nonretained expert may not offer opinions that were produced specifically in preparation for trial." *Id.*

The difference between reporting (retained) and non-reporting (non-retained) experts dictates different disclosure requirements: since reporting experts rely on counsel and the party to obtain information to form their opinions, the facts provided to the expert by counsel must be disclosed. So, while Rule 26(b)(4)(C) provides specific protections for certain other communications between reporting experts and counsel, the rule is silent as to non-reporting experts.

GE improperly reads into this silence an absolute waiver of all privileged communications between non-reporting experts and counsel. But the Advisory Committee's own notes on the relevant 2010 amendment dispel this conclusion and make clear that communications with non-reporting experts are still protected under long-standing privileges:

> The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure in required under Rule 26(a)(2)(C). ***The rule does not exclude protection under other doctrines, such as privilege or independent development of the work product doctrine***.

Fed. R. Civ. P. 26(b)(4) Advisory Committee's Notes (2010) (emphasis added); *see also PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 1205855, at *4 (E.D. Tex. Apr. 11, 2012) ("The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine."). It necessarily follows that a party "[does] not waive the attorney-client privilege or work product protection for counsel's communications with [plaintiff's employees] by naming them non-reporting experts in this case." *Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 16743623, at *8 (S.D. Ind. Nov. 7, 2022) (rejecting the same arguments made by GE).

GE ignores this and argues that a series of early 2010 era decisions, all based on an Eastern District of California Magistrate's decision in *United States v. Sierra Pacific*, support GE's assertion that Alta waived its privilege related to all of its communications with its own employee.[22] But *Sierra Pacific* and its progeny do not stand for or otherwise support the proposition that Alta waived its attorney-client privilege or work-product protections with respect to its CFO by designating him as a non-retained expert. *United States v. Sierra Pac.*, 2011 WL 2119078 (E.D. Cal. May 26, 2011).

In reality, *Sierra Pacific* itself stopped short of finding that designating an individual as a non-reporting expert witness waives every privilege "for all cases involving non-reporting employee expert witnesses." 2011 WL 2119078, at *5 ("The court declines to hold that designating an individual as a non-reporting expert witness waives otherwise applicable privileges and protections in all cases, or even for all cases involving non-reporting employee expert witnesses."); *see also Trading Techs. Int'l, Inc.* v. IBG, No. 10 C 715, 2020 WL 12309208, at *2 (N.D. Ill. Sept. 14, 2020) (relying on and adopting the opinion in *Sierra Pacific* since the Seventh Circuit has not "specifically weighed in on the

---

[22] Each case GE cites in support of its position expressly relies on *Sierra Pacific*.

8

question"). The *Sierra Pacific* court instead explained that discovery of attorney-client communications with non-reporting expert witnesses relates to certain categories of witnesses, such as "treating physicians, accident investigators, and the like." 2011 WL 2119078, at *6 (quoting Minutes, Civil Rules Advisory Committee (February 2-3, 2009) P. 14).

Notably excluded from this list are individuals like Matt Laterza whose communications with counsel principally involve the prosecution or defense of lawsuits. As GE itself notes, Matt Laterza "cofounded Alta," "served as Alta's Chief Financial Officer," "has already been deposed twice in this case, both as Alta's corporate representative and as one of Alta's principal fact witnesses," and "verified every one of Alta's interrogatory answers."[23]

Given Laterza's role, it is unsurprising that GE has cited no case in which a court found that a party waived its privilege with respect to an important employee fact witness by designating that witness as a non-retained expert. GE does not acknowledge or otherwise discuss *PACT XPP Techs., AG v. Xilinx, Inc.*, which is the lone federal court case in Texas to address GE's argument since the 2010 Amendments. No. 2:07-CV-563-RSP, 2012 WL 1205855, at *4 (E.D. Tex. Apr. 11, 2012). In that case, the defendants "identified Dr. Stephen Trimberger as a fact witness and an [non-retained employee] expert witness that they may call to testify at trial." *Id.* at *1. In response, the plaintiff argued (as GE argues now) that the defendants waived the attorney-client privilege that previously attached to his communications with defendants' lawyers when they designated Dr. Trimberger as a non-retained expert. *Id.* at *4. The Court explicitly rejected GE's argument because Rule 26(a)(2)(c) "does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine." *Id.* As a result, the Court found "that Defendants did not improperly invoke the attorney-

---

[23] ECF 82 at 13-14.

client privilege." *Id.*

*Xilinx* is no outlier. Courts have repeatedly declined to find a waiver in circumstances like those at issue. *See, e.g., Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 16743623, at *5 (S.D. Ind. Nov. 7, 2022) (party did not waive its privilege by designating fact witnesses, one of whom also served as corporate representative, as a non-retained expert); *Commonwealth Edison Co. v. Davey Res. Grp., Inc.*, 2024 WL 5438533, at *3 (N.D. Ill. June 28, 2024) (no waiver of privilege by designating employee fact witness as a non-retained expert); *In re Paraquat Prods. Liab. Litig.*, 2022 WL 17688341, at *5 (S.D. Ill. Dec. 15, 2022) (Chevron did not waive its privilege with respect to an employee fact witness by designating him as a non-retained expert); *Illinois League of Advocates for Developmentally Disabled v. Illinois Dep't of Hum. Servs.*, 2013 WL 12447206, at *2 (N.D. Ill. Sept. 25, 2013) (same).

Here, the Laterza communications sought by GE's motion fall within the very definition of attorney-client privilege. *Crider, Inc. v. Silgan Containers LLC*, at *10 (N.D. Tex. Jan. 13, 2023) (noting that "[Texas Rule of Evidence 503(b)] extends the attorney-client privilege to communications between the client's lawyer and the client's representative.") Indeed, GE specifically requests that the Court order Alta to produce all of its communications with Laterza Alta has withheld on privilege grounds.[24] But, as explained by the Advisory Committee, the amendment to Rule 26 was not intended to take away the ingrained privilege protecting these communications simply because the testimony of the client's top executives will also include expert opinions. These communications, then, are protected from disclosure and the 2010 amendments to Fed. R. Civ. P. 26(b)(4) were not intended to change that. For this reason, GE's Motion to Compel the production of Laterza's communications with counsel should and must be denied. *Xilinx*, 2012 WL 1205855, at *4; *Dery*, 2022 WL 16743623, at *5; *Davey*, 2024 WL

---

[24] ECF 82 at 12.

5438533, at *3; *In re Paraquat Prods. Liab. Litig.*, 2022 WL 17688341, at *5.

### 2. *Alta's communications with William Mars are protected from disclosure by the Federal Rules of Civil Procedure.*

GE also asks the Court to order Alta to produce its counsel's protected communications with retained expert William Mars. It is undisputed that "Rule 26(b)(4) provides work-product protection against discovery regarding draft expert disclosures or reports and—with three specific exceptions—communications between expert witness and counsel." *United States ex rel. Wall v. Vista Hospice Care,* 319 F.R.D. 498, 506 (N.D. Tex. 2016) (Horan, J.). GE argues that this privilege does not apply to Mars because Mars worked at ProEnergy and had some involvement in ProEnergy's interactions with Alta. GE is mistaken, and its argument is in direct conflict with this Court's rules related to retained versus non-retained experts.

Although Mars does have some personal knowledge concerning ProEnergy's relationship with Alta, he is a retained, reporting expert whose testimony directly addresses technical matters (e.g., delivery timing, operational reliability during Winter Storm Uri, market conditions, technical feasibility, and pricing considerations).[25] These opinions require applying expert judgment based on specialized knowledge, skills, and industry experience, and Mars will offer opinions that were rendered specifically in preparation for trial.[26] Mars' communications with Alta's counsel therefore fall squarely within Rule 26(b)(4), which protects against disclosure of communications between counsel and retained experts regarding their expert analysis and opinions. Fed. R. Civ. P. 24(b)(4). As a result, GE's Motion to Compel his communications with counsel must be denied.

---

[25] Alta Appx. at 39-53.
[26] *Id.*

**3. The Court cannot compel Mars or Laterza to comply with the subpoenas because GE did not properly serve the subpoenas, and even if they had, GE's demands violate the parties Rule 11 and are untimely.**

In its Motion, GE asks the Court to "compel Laterza and Mars to comply with their subpoenas and Alta to produce all of Laterza's responsive documents that were previously withheld based on privilege."[27]

As discussed above, the Court cannot order Laterza or Mars to produce documents in response to GE's subpoenas because the subpoenas exclusively seek the production of privileged materials. But GE's Motion to Compel also suffers from other major problems. To begin with, GE has not properly served either witness. As this Court has repeatedly explained, Rule 45(b)(1) requires personal service. *Lexington Ins. Co. v. Harvia Oy*, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013). GE did not personally serve Laterza or Mars. Instead, GE simply emailed its subpoenas to Alta's lawyers.[28] Alta's counsel did not agree to accept service on behalf of either of these individuals, so this Court lacks the authority to issue an order compelling either witness to do anything, much less produce Alta's privileged documents.[29] *Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*, 2013 WL 5299278, at *2 (N.D. Tex. Sept. 20, 2013) (Horan, J.) (noting that absent proper service, the Court lacks the authority to compel a party to comply with a Rule 45 subpoena).

The Court must also deny GE's Motion to Compel because GE's subpoenas and document requests were untimely. "It is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline." *Young v. Ershick*, 2022 WL 1557666, at *1 (E.D. Tex. May 17, 2022) (internal quotations omitted). As a result, courts in the Fifth Circuit uniformly refuse to honor or enforce Rule 45 subpoenas that seek to command the production of documents that seek

---

[27] ECF 82 at 12.
[28] ECF 83 at Ex. J.
[29] Alta served objections on its own behalf to GE's third-party subpoenas, including to GE's failure to properly serve Laterza and Mars. ECF 83 at App. 116, 123.
[30] Alta served objections on its own behalf to GE's third-party subpoenas, including to GE's failure to properly serve Laterza and Mars. ECF 83 at App. 116, 123.

the production of documents in the possession, custody, or control of a party after the discovery deadline. *Id.* (quashing subpoena where defendant served the Rule 45 subpoena only one day before discovery deadline); *Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing Rule 45 subpoenas because "regardless of whether made under Rule 34 or Rule 45, Plaintiff's request here is untimely, as discovery in this matter ended on March 31, 2011.").

Here, GE did not timely "serve" the document requests at issue: the Court's Scheduling Order explicitly requires "all discovery procedures . . . be initiated in time to complete discovery by February 24, 2025."[31] GE's subpoenas are each dated February 27, 2025, so both are untimely under the Scheduling Order.[32] As a result, GE's Motion to Compel must be denied for this reason as well. *Id.*

## B.  GE Is Not Entitled To Rule 37 Sanctions.[33]

In its Motion, GE "asks that this Court bar Mimms from relying on documents which were altered or produced late and outside of the discovery period in direct violation of Judge Horan's October 10, 2024 order."[34] GE also asks the Court to stay its deadlines for responding to Alta's expert reports and, in so doing, extend all of the deadlines and almost certainly push the trial date even though this Court has made clear that it would not do so absent good cause.[35]

Under Rule 37(c), if "a party fails to provide information or identify a witness as

---

[31] ECF 73 at ¶ 5.

[32] *Id.*; ECF 83 at Exs. K, L.

[33] In its Motion, GE asks the Court to "bar Alta expert Quentin Mimms from relying on materials that were altered or late produced in direct violation of this Court's October 10, 2024 discovery order." ECF 81 at 1. Along the same lines, GE's proposed order asks the Court to order that Quentin Mimms shall be barred from relying on or testifying about documents that were altered or untimely produced in violation of this Court's October 10, 2024 discovery order (Dkt 66)[.]" ECF 81-1. Based on this, it appears that GE is only asking the Court to prohibit Mimms from relying on the 28 documents GE observes contain search terms Judge Horan ordered run in his Order. Certainly, GE has not even tried to articulate any legal or factual basis for prohibiting Alta's experts from relying on the complete set of 104 documents contained in Alta's February 26, 2025 supplemental production and any such request for relief must be denied.

[34] ECF 81 at 1.

[35] *Id.*; ECF 73 at ¶ 17.

required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In considering whether a violation is harmless, the Court considers: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). "The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *Reyes v. City of Farmers Branch*, 2008 WL 4791498, at *3 (N.D. Tex. 2008). Applying these factors demonstrates Alta's late production was harmless.

### 1. *Alta did not violate Judge Horan's October 10, 2024 Order.*

As to the first Rule 37 factor, GE states that "Alta has provided zero explanation for the fact that it produced 28 documents outside of the discovery period in violation of Judge Horan's order."[36] GE's assertion is based on a false premise. Alta did not violate Judge Horan's October 10, 2024 Order.

In reality, the Court did not order Alta to produce any specific subset of documents (much less the specific documents about which GE complains). Instead, GE asked the Court to order Alta to apply additional search terms and review the hits for responsiveness to GE's requests for production and supplement its production by November 7, 2024. Consistent with that request, Judge Horan "order[ed] Alta to apply the search terms (at Dkt. No. 42 at 145-150 of 810) that GE has proposed to 'target gaps identified in previous search terms' and that Alta has not yet used in its document collection and productions to date" and ordered "Alta to make any supplemental production to comply with this order's requirements by Thursday, November 7, 2024."[37]

---

[36] ECF 66.

[37] *Id.*

Alta fully complied with the Court' order: between October 10, 2024 and November 7, 2024, Alta ran the Court's search terms and reviewed 10,952 new documents for responsiveness to GE's requests for production.[38] As a result of that review, Alta timely supplemented its production by producing 739 additional documents responsive to GE's Requests for Production on the Court's deadline of November 7, 2024.[39]

Notwithstanding the above, it is fair to ask why Alta's document reviewers (e.g., its counsel) did not realize these 28 documents were responsive to GE's RFPs when it reviewed them for responsiveness in October. At a high level, the answer is that Alta's document reviewers are human beings who were reviewing nearly 11,000 documents to comply with Judge Horan's October 10, 2024 Order and they did not realize the 25 documents[40] (not 28) they reviewed but originally withheld as non-responsive were relevant to Alta's claim for damages (or anything else related to this dispute) or responsive to any of GE's document requests. Even with the benefit of hindsight, it is also not difficult to understand how Alta failed to originally identify these documents as responsive: 11/25 are invoices submitted to Alta by one of its own employees for reimbursement for hours worked[41]; 2/25 relate to industrial wastewater.[42] As focused on the specifics of its claim for reliance damages in connection with the preparation of the Mimms report, Alta discovered these documents supported recoverable damages, but that was not obvious to Alta's reviewers at the time they reviewed them.

Certainly, there is no basis for concluding that Alta's failure to correctly identify these 27 (one was not reviewed because it is a summary document created for this litigation) documents as responsive when Alta was reviewing the 10,952 documents that

---

[38] Alta Appx. at 3, ¶ 3.

[39] *Id.* at ¶ 4.

[40] Three of the documents listed in GE's appendix list of 56 documents that contain search terms Alta ran at some point during this case were not reviewed when Alta complied with the Court's order because they did not come from the email accounts of any of Alta's custodians. *See* Alta 132448, 132473; and 132491.

[41] *See* Alta 132262; 132603; 132607; 132608; 132613; 132614; 132615; 132652; 132653; 132654; 132669;

[42] *See* Alta 132753; 132754.

hit on Judge Horan's search terms constitutes discovery misconduct for which Alta ought to be sanctioned.[43] Indeed, the notion that Alta deliberately withheld documents responsive to any of GE's document requests is simply not plausible given the scale and scope of Alta's review and productions in this case. Since this case began, Alta has reviewed more than 98,000 documents for responsiveness to GE's requests for production and has produced more than 27,000 documents to GE.[44] Given the scale of Alta's review and productions, GE's suggestion that Alta somehow committed sanctionable discovery misconduct by supplementing its voluminous production by making a small production primarily consisting of underlying records related to Alta's expenditures less than two days after the end of discovery lacks merit.

### 2. GE has not sustained any prejudice as a result of the production of the 28 documents about which GE complains.

GE next argues that Alta's failure to produce the 28 documents sooner will force it to "scramble to prepare its rebuttal expert on the basis of documents that should have been produced years ago" and will "undermine GE's trial preparation and its efforts to marshal evidence in advance of summary judgment."[45] GE's assertions do not withstand scrutiny.

For one thing, GE's suggestion that its damages expert will now have to spend materially more time thinking about Alta's reliance damages is not credible. The 28 documents about which GE complains exclusively support a fraction of Alta's alternate claim for reliance damages, $229,549.39 of the claimed $6,175,256.[46] Calculating these damages is not difficult: an expert need only add up relevant invoices, which is why Alta's damages expert devotes just a fraction of his report to discussing them. For the same reasons, the 28 documents about which GE complains can have no material impact

---

[43] In its Motion, GE expressly ties its requests for relief to "materials that were altered or late produced in direct violation of this Court's October 10, 2024 discovery order[.]" ECF 81 at 1; *see also* ECF 82.
[44] Alta Appx. at 3, ¶ 2.
[45] ECF 82 at 18.
[46] Alta Appx. at 55-56.

on GE's ability to marshal evidence for summary judgment or prepare for trial.

GE also baselessly argues that by producing the documents at the end of discovery, "GE has now forever lost the ability to serve interrogatories or inquire in depositions about these documents." In reality, GE served 31 interrogatories (e.g., six more than are allowed under the Federal Rules of Civil Procedure) on Alta on June 22, 2021, which is long before GE served any of the document requests at issue.[47] Along the same lines, Alta disclosed that it was seeking "roughly 10 million Alta Power spent based on GE/WattStock's representations" in its Rule 26 disclosures in *October 2022* before GE took its first deposition in this case.[48] As a result, GE has had the opportunity to ask all of Alta's witnesses about the factual basis of Alta's claim for reliance damages.

In sum, the timing of Alta's production of the 28 documents GE complains about has not prejudiced GE's ability to defend itself in this case in any way.

### 3. The Court's ruling on this Motion will have little effect on the scope of Mimms' (or GE's rebuttal expert's) testimony.

GE does not address the third element other than to say that "any claimed importance" supports GE's position. But that is not true in this case: Alta's damages expert will testify about Alta's reliance damages regardless of the outcome of this Motion, so GE's expert will have to rebut Alta's reliance damages no matter what. The only question is whether both experts will need to consider invoices reflecting $229,549.39 (out of $6,175,256) in expenses incurred by Alta.[49]

### 4. Alta has already agreed to give GE a full week extension.

Finally, GE professes that Alta's offer to extend its deadline to respond to the Mimms report (which will not impact any other deadlines in this case) cannot cure its prejudice because "Alta has withheld these documents for years."[50] As discussed above, Alta did not deliberately withhold any of the documents about which GE complains at

---

[47] Alta Appx. at 6-20.
[48] Alta Appx. at 22, 34.
[49] Alta Appx. at 55-56.
[50] ECF 82 at 19.

all, much less "for years." In any event, Alta's offer of an additional week means GE's rebuttal expert will have more time to evaluate and rebut Alta's damages report than he would have had Alta timely produced everything with its report on February 25, 2025.[51]

Based on the above, GE's request for sanctions should be denied. *United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC*, 2024 WL 4508961, at *16 (N.D. Tex. Oct. 15, 2024) (finding that three-day late production of expert reliance materials was harmless); *Nat'l Ins. Tr. Co. v. A&A Landscape & Irrigation*, at *2 (N.D. Tex. Aug. 5, 2022) (permitting late designation of expert witness because doing so caused no prejudice and did not require any extensions of existing deadlines); *Harris v. BMW of N. Am., LLC*, 2021 WL 3287859, at *4 (E.D. Tex. Aug. 2, 2021) (denying motion to preclude consideration of late disclosed expert witnesses); *ICON Internet Competence Network B.V. v. Travelocity.com LP*, 2013 WL 655024, at *5 (N.D. Tex. Feb. 22, 2013) (allowing expert to rely on untimely disclosed information because doing so caused no prejudice); *Reyes v. City of Farmers Branch, Texas*, No. 3:07-CV-900-O, 2008 WL 4791498, at *4 (N.D. Tex. Nov. 4, 2008) (denying motion to strike evidence that was not timely disclosed); *Liles v. Weiland-Kessler, LLC*, 2019 WL 8137166, at *2 (E.D. Tex. Dec. 19, 2019) (no prejudice caused by late production of reliance materials where materials were produced well before expert's deposition).

### 5. *Alta did not "manipulate" evidence.*

The documents that GE complains was "manipulated" are summary documents created for Alta's damages expert to summarize the various items that Alta thought could be recoverable as reliance damages.[52] These documents are not independently admissible because they were created for this litigation, and Alta has never claimed otherwise.[53] The "deletions" that GE holds up as a smoking gun of some grave misdeed reflect the fact

---

[51] ECF 73 at ¶ 4.
[52] Alta Appx. at 4, ¶ 7.
[53] *Id.*

that Alta's employee[54] removed certain expenses that Alta made because he did not believe they were recoverable in this case, and therefore did not want included in any calculation of Alta's reliance damages.[55]

## C. GE's Request For A Stay Is A Delay Tactic.

As discussed above, Alta made clear to GE that it would provide an extra week to respond to Mimms' expert report. That GE still filed this Motion is revealing of GE's true goal: delay. As noted earlier, the Court has made clear that it will not grant additional continuances without a showing of good cause. GE wants more time to respond to all of Alta's experts and wants to push back the dispositive motion deadlines and trial settings too but knows neither Alta nor the Court are likely to agree to amend the existing Scheduling Order. Rather than deal with this reality and press forward on the schedule the Court entered months ago, GE is instead attempting to obtain a continuance by other means— by levying a bevy of false allegations against Alta.

The Court should deny GE's request. Alta has already agreed to allow GE an extra week to respond to Mimms' report. That extension will not impact any of the existing scheduling deadlines. But if the Court stays these proceedings, GE will in essence have won an extension of all of its expert deadlines even though there is no basis.

## D. GE Is Not Entitled To Attorneys' Fees.

Finally, GE asks the Court to award it attorneys' fees under Rule 37 because GE complains that it had to "comb[] through Alta's more than 4,000 pages of expert materials, attempting (in vain) to identify Alta's vaguely referenced public documents, reviewing the metadata of Alta's belatedly produced reliance documents to assess whether they were altered, and tracing which specific documents are in violation of Judge Horan's October 10, 2024 order."[56]

As discussed previously, Alta did not violate either the letter or spirit of Judge

---

[54] GE says Alta's counsel altered the document, which is false.
[55] Alta Appx. at 4, ¶ 7.
[56] ECF 82 at 21-22.

Horan's order.  At GE's request, Judge Horan ordered Alta to run additional search terms on its custodians' emails, review the hits for responsiveness to GE's Requests for Production, and supplement its production based on that review by November 7, 2024.[57] Alta fully complied with that Order: Alta ran the search terms Judge Horan ordered Alta to run and timely supplemented its production based on Alta's review of the nearly 11,000 hits related to those search terms in less than one month. The very few documents that did include Judge Horan's search terms were not produced because, as discussed previously, Alta's reviewers did not recognize that these documents supported recoverable damages when they initially reviewed the documents.

Notwithstanding the above, GE's demand for attorneys' fees is also improper because GE's complaints have nothing to do with the relief it seeks from the Court. Alta provided GE with all of the "publicly available documents" GE claims it could not find before GE filed this Motion even though Alta had no obligation to do so.[58] Along the same lines, GE's suggestion that it should be compensated for "combing through more than 4,000 pages of expert materials" is ridiculous: Mimms' expert report is more than 4,000 pages long, including attachments.[59] GE is not entitled to compensation for having to read a damages expert report it will have to rebut regardless of the outcome of this Motion.

## V.    CONCLUSION

The Court should deny GE's Motion to Compel because GE's document subpoenas were untimely, have not been served on their purported targets, and because they exclusively seek the production of documents protected from disclosure by the attorney-client privilege and work-product doctrines. The Court should also deny GE's requests for Rule 37 sanctions because the short delay of Alta's service of a tiny

---

[57] ECF 66.
[58] ECF 82.
[59] ECF 83-1 at Appx. 247-2428; ECF 83-2 at Appx. 2429-4459.

percentage of Mimms' reliance materials was not prejudicial to GE, especially given that Alta has agreed to give GE an additional seven days to respond to Alta's damages expert report. Finally, the Court should not grant any stay of the existing deadlines, as no such stay is necessary and doing so would improperly benefit GE by giving it extra time to respond to all of Alta's expert reports even though GE is only complaining about Alta's damages expert's report.

Respectfully submitted,

**BAKER BOTTS LLP**                    **JORDAN, LYNCH & CANCIENNE PLLC**

John Lawrence                          By: */s/ Jeb Golinkin_____*
State Bar No. 24055825                     Michael Cancienne
Kirstie Wallace                            State Bar No. 24055256
State Bar. No. 24115920                    Joseph W. ("Jeb") Golinkin II
2001 Ross Avenue, Suite 900                State Bar No. 24087606
Dallas, TX 75201-2980                      1980 Post Oak Blvd., Suite 2300
Telephone: 214.953.6500                    Houston, Texas 77056
john.lawrence@bakerbotts.com               Telephone: 713.955.4025
kirstie.wallace@bakerbotts.com             mcancienne@jlcfirm.com
                                           jgolinkin@jlcfirm.com

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent to all counsel of record via the Court's electronic filing system on this 17th day of March, 2025.

*/s/ Joseph W. Golinkin*
Joseph W. Golinkin II