UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WATTSTOCK, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0270-X |
| | § | |
| ALTA POWER, LLC, and | § | |
| GENERAL ELECTRIC | § | |
| INTERNATIONAL, INC., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are General Electric International, Inc.'s (GE) motions for sanctions and to stay deadlines pending resolution of a prior motion to compel and the motion for sanctions. (Doc. 81). After reviewing the parties' briefing and the law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for sanctions and **FINDS AS MOOT** the motion to stay. Nevertheless, the Court **EXTENDS** the deadlines for dispositive motions and challenges to experts. Therefore, the new deadline is April 24, 2025.

GE asks that the Court bar Alta's expert, Quentin Mimms, from testifying about materials that were altered or produced late. Let's recap this discovery dispute. In short, Judge Horan ordered Alta to apply certain search terms to its pool of documents and Alta found 10,952 documents. Alta's counsel reviewed all of them and found 739 documents that were responsive to GE's prior requests for production. GE

1

says Alta erred when it failed to produce 28 of those 10,952 documents. Ultimately, Alta did produce the documents less than two days after the end of discovery.

GE requests that the Court bar Alta's expert from testifying at trial on the disputed documents under Federal Rule of Civil Procedure 37. To exclude testimony on account of a violation of a discovery order, the Court must examine four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony."[1]

Alta explains that its failure to produce the additional 28[2] documents was a result of the sheer volume of work that needed to be done and that it made a mistake when initially categorizing the documents as not responsive to GE's discovery requests. This is not a great excuse, but it is understandable.

As for prejudice, GE argues that it will need to "scramble[] to prepare its rebuttal expert on the basis of documents that should have been produced *years ago*."[3] It further argues that "[t]his will no doubt undermine GE's trial preparation and its efforts to marshal evidence in advance of summary judgment."[4] On the other hand, Alta avers that producing the documents less than a couple of days late will not

---

[1] *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

[2] Alta says the real number is 25, as some of the documents were not reviewed because those did not originate "from the email accounts of any of Alta's custodians." Doc. 86 at 15. Whether the number is 25 or 28 does not change the analysis.

[3] Doc. 82 at 18.

[4] Doc. 82 at 18.

seriously prejudice GE and that, to the extent the documents are useful to calculate damages, GE's expert need only change the arithmetic slightly to accommodate the new documents.  In total, it does not appear from the parties' briefing on this issue that much, if any, prejudice would befall GE.  GE simply relies on the fact that they are unable to question witnesses based on the documents.  Without detailing how exactly how Mimms's testimony based on the untimely documents would prejudice GE, the Court cannot find any meaningful prejudice here.

Next, as for a continuance, time is running short on this case.  To give the parties a little breathing room, the Court **EXTENDS** the deadlines for dispositive motions and challenges to experts.  Therefore, the new deadline for those is April 24, 2025.  Additionally, the parties have already agreed to a week extension of the time to serve responsive expert reports.

Finally, the importance of the witness's testimony is unclear from the parties' briefing.  Neither side makes a strong case for the importance or unimportance of the new documents to the testimony.

Putting these factors together, the Court finds that the factors weigh in favor of allowing Alta's expert to testify as to the documents, with the additional time.  As a result, the Court **DENIES IN PART** the motion for sanctions and **FINDS AS MOOT** the motion for a stay. Additionally, the Court **EXTENDS** the deadline to file dispositive motions and challenges to experts by seven days—making the new deadline April 24, 2025.

GE makes one other attempt in its motion for sanctions—to have the Court order Alta to produce an invoice from International Turbine Services (ITS). GE covered the ITS invoice in its motion, but Alta never responded to it. Because Alta never responded, the Court **GRANTS IN PART** the motion as to producing the ITS invoice. The invoice is discoverable as it relevant to "Alta's budgets and the failure of its financing and project"[5] and nothing indicates producing it is disproportionate to the needs of the case. Alta must produce the ITS invoice by 5:00 PM on April 15, 2025. Given this is a singular, relatively unimportant document and ordering production of that document is but a miniscule fraction of GE's motions, awarding fees is inappropriate. Each party shall bear their own costs.

**IT IS SO ORDERED** this 11th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 82 at 9.

4