IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTA POWER LLC,<br><br>*Plaintiff/ Counter-Defendant,*<br><br>v.<br><br>GENERAL ELECTRIC INTERNATIONAL INC., d/b/a GE POWER SERVICES,<br><br>*Defendant/ Counter-Plaintiff.* | Case No. 3:23-CV-0270-X |

### ALTA POWER LLC'S MOTION TO EXCLUDE THE EXPERT OPINION OF PROFESSOR CHRISTINE HURT AND BRIEF IN SUPPORT THEREOF

| | |
|---|---|
| **JORDAN, LYNCH & CANCIENNE PLLC**<br>Michael Cancienne<br>Texas Bar No. 24055256<br>Joseph W. ("Jeb") Golinkin II<br>Texas Bar No. 24087596<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77056<br>Telephone: 713.955.4028<br>mcancienne@jlcfirm.com<br>jgolinkin@jlcfirm.com | **BAKER BOTTS L.L.P.**<br>John B. Lawrence<br>Texas Bar No. 24055825<br>Ariel House<br>Texas Bar No. 24122827<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201<br>Telephone: 214.953.6500<br>john.lawrence@bakerbotts.com<br>ariel.house@bakerbotts.com |

*Counsel for Plaintiff Alta Power, LLC*

**TABLE OF CONTENTS**

**INTRODUCTION**......................................................................................................... 2

**RELEVANT BACKGROUND** ................................................................................... 3

**ARGUMENT AND AUTHORITIES**......................................................................... 4

    I.   Professor Hurt's proposed testimony is improper legal opinion.................... 4

        A.  Professor Hurt's proposed testimony instructs the jury on which law she believes applies to the issues in this case—a duty reserved for the Court.......................................................................................................... 4

        B.  The jury does not need Professor Hurt's legal conclusions to assist in determining whether Alta's reliance was justified.................................. 6

   II.  Professor Hurt is not qualified to render her "expert" opinions, and offers no reliable methodology for opining as to the reasonableness of Alta's beliefs............................................................................................................. 8

   III.  Professor Hurt's opinions are irrelevant and will confuse the jury........... 10

**CONCLUSION** .......................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Alt Platform, Inc. v. Beckett Collectibles, LLC*, No. 3:22-CV-02867-N, 2025 WL 790252 (N.D. Tex. Mar. 11, 2025) .................................................................................................. 11

*Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997) .......................................................... 9, 10, 11, 12

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006). ............................................... 8

*Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581 (5th Cir. 2003) ................................................ 14

*Collins v. Safeco Ins. Co. of Ind.*, No. 3:18-CV-01788-X, 2020 WL 95488 (N.D. Tex. Jan. 8, 2020) ......................................................................................................................... 13

*Crow v. United Benefit Life Ins. Co.*, No. CIV. A. 3:00CV1375G, 2001 WL 285231 (N.D. Tex. Mar. 16, 2001) ...................................................................................................... 9, 10

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ................................................. 6, 14

*Davis v. Cisneros*, No. 1:21-CV-565-RP, 2024 WL 3799461 (W.D. Tex. Aug. 12, 2024) ...... 10

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex. 2001) ......................... 16

*Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734364 (S.D. Tex. Dec. 30, 2016) ...................................................................................................... 10

*FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216 (W.D. Pa. 2010) .................................................................................................................................. 8

*Gen Elec. Co. v. Joiner*, 522 U.S. 136 (1997) ............................................................................ 14

*Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802 (Tex. App.—Houston [1st Dist.] 2015, no pet.) .................................................................................................................................. 16

*Harper v. City of Dall., Tex.*, No. 3:14-CV-2647-M, 2017 WL 6033799 (N.D. Tex. Dec. 6, 2017) .................................................................................................................................. 12

*Holcombe v. United States*, 615 F. Supp. 3d 660 (W.D. Tex. 2021) ......................................... 14

*Homes v. Lexington Ins. Co.*, No. 3:13-CV-719-BN, 2014 WL 11515384 (N.D. Tex. Sept. 26, 2014) ......................................................................................................................... 15

*Knight & Kirby Inland Marine, Inc.*, 482 F.3d 347 (5th Cir. 2007) .......................................... 14

*Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327-D, 2022 WL 16964752, (N.D. Tex. Nov. 16, 2022) ....................................................................................... 11

*McGuire v. Cirrus Design Corp.*, No. 1:07-CV-683, 2009 WL 10709145 (E.D. Tex. Feb. 5, 2009) ............................................................................................................................................. 10

*Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983) ......................................................... 11

*RLJCS Enters., Inc. v. Pro. Benefit Tr. Multiple Employer Welfare Benefit Plan & Tr.*, 487 F.3d 494 (7th Cir. 2007) ..................................................................................................... 14

*Roton v. Peveto Fin. Grp.*, 649 F. Supp. 3d 300 (N.D. Tex. 2022) ......................................... 9, 11

*SFG, Inc. v. Musk*, No. 19-CV-02198, 2019 WL 8353110 (N.D. Ill. July 31, 2019) ............... 14

*Shuler Drilling Co., Inc. v. Disiere Partners, LLC*, No. 3:22-CV-2052-X, 2024 WL 3803003 (N.D. Tex. Aug. 13, 2024) ....................................................................................... 14

*Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194 (5th Cir. 1996) .......................................................... 11

*Sowell v. United States*, No. CIV.A.3:97-CV-1519-G, 1998 WL 531884 (N.D. Tex. Aug. 17, 1998) .......................................................................................................................... 11

*Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) ..................................................................... 9, 12

*Taxotere (Docetaxel) Prod. Liab. Litig.*, 25 F.4th 256 (5th Cir. 2022) ....................................... 14

*United States v. Bilotto*, No. CR SA-04-CR-343-OG, 2005 WL 5978665 (W.D. Tex. Sept. 27, 2005) ................................................................................................................ 12, 16

*Widespread Elec. Sales LLC v. Upstate Breaker Wholesale Supply Inc.*, No. 3:20-CV-2541-K, 2022 WL 18028285 (N.D. Tex. Dec. 29, 2022) .............................................................. 9

**Rules & Regulations**

Federal Rule of Evidence 702 ........................................................................................... 14, 15

Alta Power LLC ("Alta") files this Motion to Exclude the opinions and testimony of General Electric International Inc., d/b/a GE Power Services' ("GE") expert witness Professor Christine Hurt, pursuant to Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## INTRODUCTION

Alta alleges GE conspired with WattStock LLC ("WattStock") to defraud Alta by, among other things, misrepresenting the nature of their relationship by falsely representing that GE and WattStock were "partners" related to the sale of GE TRUEPackages™, and that that the "partnership" was documented in a binding contract between GE and WattStock "that provided that GE would stand behind WattStock's work related to Alta Power."[1] GE does not dispute it affirmatively and deliberately marketed its "partnership" with WattStock to Alta and others in an effort to win their business, and GE's own documents show that it repeatedly represented that it was a party to a binding contract with WattStock even though that was not true.

Foreclosed from mounting a meaningful factual defense to these allegations, GE hired SMU Dedman School of Law Professor Christine Hurt to opine that, based on Texas partnership and agency law, Alta never should have believed GE and WattStock's misrepresentations. Professor Hurt opines that "(1) It would have been unreasonable for Alta to believe that WattStock and GE were partners on any relevant date;" and "(2) It would have been unreasonable for Alta to believe that WattStock was acting as GE's agent or that GE and WattStock were agents of one another on any relevant date."[2] She reaches these opinions by applying certain facts provided to her by counsel for GE to what she calls the "Relevant Texas Partnership and Agency Law" found in statutes such as the Texas Business Organizations Code ("TBOC") and case law.[3]

---

[1] ECF 54 ¶¶ 26, 29, 33, 37, 40–43.
[2] Ex. 1 (Expert Report of Christine Hunt) at App. 4, 13–19.
[3] *Id.* at App. 10–13.

2

Professor Hurt's testimony is improper and must be excluded for several reasons. At core, Professor Hurt is offering a *legal* opinion, which is not permissible. By analyzing the "reasonableness" of Alta's beliefs under specific Texas statutes and case law, she is improperly directing the jury to which law applies to the facts in dispute in this case—a duty reserved for this Court. Additionally, Professor Hurt's testimony would improperly invade the jury's province by reaching a legal conclusion that is left to the trier of fact. And Professor Hurt's *legal knowledge* is not a sufficient qualification to offer her opinions on the reasonableness of Alta's beliefs under Rule 702, and she provides no reliable methodology for doing so. Separately, Professor Hurt's opinions will confuse and not assist the jury because the relevant question is not whether Alta believed that GE and WattStock had formed a formal "partnership" under Texas law or any particular section of the TBOC, but rather whether Alta justifiably relied on GE and WattStock's representations that GE would stand behind WattStock's work related to Alta.

## RELEVANT BACKGROUND

GE retained Professor Hurt to opine on whether it was reasonable for Alta to believe a partnership or an agency relationship existed between GE and WattStock.[4] Professor Hurt is a Professor of Law at the Southern Methodist University Dedman School of Law in Dallas, Texas, where she routinely teaches Business Organizations.[5] In her course, she introduces law students to concepts such as partnerships and agency relationships.[6] A licensed attorney in Texas, Professor Hurt worked in private practice before entering into academia in 1998.[7]

In her report, Professor Hurt concludes, based on the laws she believes apply and the application of those laws to the facts presented to her by GE, that "(1) It would have

---

[4] Ex. 1 at App. 4.
[5] *Id.* at App. 4.
[6] *Id.* at App. 4.
[7] *Id.* at App. 21–25. Professor Hurt's previous employment includes positions at Paul, Hastings, Janofsky & Walker; Baker Botts L.L.P.; and Skadden, Arps, Slate, Meagher & Flom LLP. *Id.* at App. 25.

3

been unreasonable for Alta to believe that WattStock and GE were partners on any relevant date;" and "(2) It would have been unreasonable for Alta to believe that WattStock was acting as GE's agent or that GE and WattStock were agents of one another on any relevant date."[8]

## ARGUMENT AND AUTHORITIES

Allowing Professor Hurt's testimony would commandeer the judge's role and invade the jury's province. Further, Professor Hurt's opinions do not help the jury understand any of the salient issues in this lawsuit and are, instead, confusing to the jury.

### I. Professor Hurt's proposed testimony is improper legal opinion.

#### A. Professor Hurt's proposed testimony instructs the jury on which law she believes applies to the issues in this case—a duty reserved for the Court.

While Professor Hurt claims in a footnote that she is not "offer[ing] any legal opinions in this proceeding," the body of her report shows otherwise. Before reaching and describing her opinions, she first spends several pages laying out "the relevant legal principles" that she assumes apply in this case, and then applies the facts that GE's counsel supplied to her to those "relevant legal principles."[9] The section of her report titled "Relevant Texas Partnership and Agency Law" lays out the "necessary definitions and concepts"[10] that support her opinions.[11] Professor Hurt details partnership concepts found in the TBOC, the Texas Uniform Partnership Act, the Second and Third Restatements of Agency, the Restatement of Torts, and extensive case law, which she later attempts to apply to a collection of facts provided to her by counsel for GE.[12] Her two opinions—and all of her testimony—thus hinge on instructing the jury as to the legal

---

[8] Ex. 1 at App. 4–5, 13–19.
[9] *Id.* at App. 10–19.
[10] In a footnote, Professor Hurt couches her selection of Texas law as a mere assumption that it embodies the relevant legal principles applicable to Alta's claims. Although she claims she is not opining on the applicable legal standards, it is axiomatic that Professor Hurt will instruct the jury on, what is in her view, relevant Texas law before presenting her opinion on its application to the facts—which is equally improper.
[11] *Id.* at App. 10–13.
[12] Ex. 1 at App. 5–9, 31–66; Ex. 2 at App. 72 [57:15–20], 73 [58:1–17], 74 [60:7–12].

framework *she* believes is relevant and applicable, to which she applies the facts to reach her conclusion. It is not an expert's place to present any legal principles to the jury.

The role of deciding the law for the benefit of the jury is the province of the trial judge. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (citing *Specht v. Jensen*, 853 F.2d 805, 808–09 (10th Cir. 1988)); *Roton v. Peveto Fin. Grp.*, 649 F. Supp. 3d 300, 312 (N.D. Tex. 2022) (Starr, J.) (citation omitted). The Fifth Circuit noted that there is only one applicable legal rule for each dispute or issue, and this requires only one spokesman of the law: the judge. *Id.* (citing *Specht*, 853 F.2d at 807). An expert's proposed testimony cannot intrude upon the court's duty to instruct the jury as to the appropriate law. *Crow v. United Benefit Life Ins. Co.*, No. CIV. A. 3:00CV1375G, 2001 WL 285231, at *2 (N.D. Tex. Mar. 16, 2001).[13]

Professor Hurt's proposed testimony usurps the judge's exclusive role. Courts routinely exclude proposed expert testimony that attempts to do so. *See, e.g.*, *Crow*, 2001 WL 285231, at *2–3 (holding that the expert's proposed testimony "impermissibly usurps the role of the court in defining the law for the jury" and that the testimony be excluded); *Widespread Elec. Sales LLC v. Upstate Breaker Wholesale Supply Inc.*, No. 3:20-CV-2541-K, 2022 WL 18028285, at *14–15 (N.D. Tex. Dec. 29, 2022) (citation omitted) (finding that the expert's opinions "cross the line into . . . attempting to instruct the jury on the law" and excluding the testimony to the extent it speaks directly to issues of law); *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734364, at *7 (S.D. Tex. Dec. 30, 2016), *aff'd*, 753 F. App'x 216 (5th Cir. 2018) (citations omitted) (holding that a court may exclude expert testimony where the witness' testimony would intrude upon the judge's role*); McGuire v. Cirrus Design Corp.*, No. 1:07-CV-683, 2009 WL 10709145, at *6 (E.D. Tex. Feb. 5, 2009) (holding court, not expert witnesses, is responsible for instructing

---

[13] "It is the duty of the court, not of any witness, to explain the law to the jury." *FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 221 (W.D. Pa. 2010). "[T]he District Court must ensure that an expert does not testify as to the governing law of the case." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).

5

the jury on the applicable legal principles); *Davis v. Cisneros*, No. 1:21-CV-565-RP, 2024 WL 3799461, at *4 (W.D. Tex. Aug. 12, 2024) (citing *Askanase*, 130 F.3d at 673) (holding experts may not instruct the jury on the law governing the claims in a case). This Court should do the same.

### B. The jury does not need Professor Hurt's legal conclusions to assist in determining whether Alta's reliance was justified.

Professor Hurt's proposed testimony also offers legal conclusions and thus improperly invades the province of the jury. It is well-settled that expert witnesses may not offer legal opinions because that is left to the trier of fact. *See, e.g.*, *Askanase*, 130 F.3d at 673 (finding that the expert's proposed testimony on whether LivingWell's officers and directors fulfilled their fiduciary duties is a legal opinion and the trial court did not err in finding that testimony inadmissible); *Crow*, 2001 WL 285231, at *3 (citations omitted) (holding that whether United Benefit engaged in conduct constituting a breach of the duty of good faith and fair dealing is an issue for the trier of fact to decide). Professor Hurt intends to do just that.

Based on Professor Hurt's report, she will testify that it was unreasonable for Alta to believe that GE and WattStock were partners or agents of one another on any relevant date.[14] In support, Professor Hurt points to various supposed facts supplied to her by counsel for GE, such as that some documents did not refer to GE as WattStock's partner, and that Alta signed most contracts with WattStock.[15] She then applies the "relevant" principles of law detailed in her report to these cherry-picked facts and arrives at her conclusions—an exercise reserved for the jury.[16]

If the jury is asked to decide whether Alta had reason to believe that GE and WattStock were in a "legal partnership" or had an "agency relationship," the answer is

---

[14] Ex. 1 at App. 4, 13–19.
[15] *Id.* at App. 5–9, 31–66.
[16] Ex. 1 at App. 4, 13–19.

solely up to the jury. Professor Hurt should not be permitted to spoon-feed legal conclusions to the jury through her proposed expert testimony. *See, e.g.*, *Roton*, 649 F. Supp. 3d at 312–13 (Starr, J.) (excluding "problematic" expert testimony that "impermissibly offers conclusions of law and opinions on ultimate legal issues); *Sowell v. United States*, No. CIV.A.3:97-CV-1519-G, 1998 WL 531884, at *2 (N.D. Tex. Aug. 17, 1998), *aff'd sub nom. Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999) (citing *Askanase*, 130 F.3d at 672–73) (affirming that the expert's proffered testimony, even articulated as a hypothetical, constituted a legal opinion regarding the ultimate issue of "reasonableness" and rightfully excluded as inappropriate); *Alt Platform, Inc. v. Beckett Collectibles, LLC*, No. 3:22-CV-02867-N, 2025 WL 790252, at *3 (N.D. Tex. Mar. 11, 2025) (citing *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996) ("Expert witnesses may not render legal conclusions under the guise of expert opinion."); *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327-D, 2022 WL 16964752, at *5 (N.D. Tex. Nov. 16, 2022) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (holding that expert witnesses are not allowed to opine on legal conclusions that should be drawn from the evidence because this "both invades the court's province and is irrelevant").

GE knows Professor Hurt's testimony consists of improper legal conclusions. At her deposition, when counsel for Alta asked Professor Hurt about opinions disclosed in her report, counsel for GE objected—*dozens* of times—that those questions called for a legal conclusion. *Compare, e.g.*, Ex. 1 at App. 5 (including fact that WattStock's products would be sold and installed under a GE trademark as a "[r]elevant [f]act[] and [a]ssumption), *with* Ex. 2 (Hurt Tr.) at App. 71 [41:14-22] (objecting that a question about whether trademark usage would "go to the totality of the circumstances of what someone should objectively believe about the relationship between those parties" calls for a legal conclusion); Ex. 1 at App. 10–13 (discussing "[r]elevant Texas [p]artnership and [a]gency [l]aw," including when parties may claim a default partnership exists), *with* Ex. 2 at App. 70 [26:12–20] (objecting that a question about the circumstances that lead to a

7

determination of whether there is a default partnership "calls for a legal conclusion"). Yet GE still plans to present Professor Hurt on these very subjects.

Additionally, the Court must be sensitive to the fact that Professor Hurt is an attorney who is testifying on how a set of legal principles should be applied to a set of facts. In *Askanase*, the Fifth Circuit dissected the pitfalls of allowing attorneys to testify to matters of law and explained that permitting such testimony would be harmful to the jury. *Askanase*, 130 F.3d at 673 (citing *Specht*, 853 F.2d at 809). The court posited this harm would manifest for two reasons. First, the jury would be especially susceptible to adopting the expert attorney's conclusion rather than making its own decision and may even think the witness more reliable than the judge. *Id.* (citing *Specht*, 853 F.2d at 809). Second, if an expert witness were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its positions. *Id.* Such differing opinions as to what the law is would only confuse the jury. *Id.* (citing *Specht*, 853 F.2d at 809); *see Harper v. City of Dall., Tex.*, No. 3:14-CV-2647-M, 2017 WL 6033799, at *9 (N.D. Tex. Dec. 6, 2017) (granting motion to exclude expert testimony because it is legally irrelevant to, and will likely confuse and mislead the jury in its determination of, the issues at hand); *United States v. Bilotto*, No. CR SA-04-CR-343-OG, 2005 WL 5978665, at *2 (W.D. Tex. Sept. 27, 2005) (excluding expert testimony containing any discussion of legal standards inapplicable to the case because it would be irrelevant and would confuse the jury).

## II. Professor Hurt is not qualified to render her "expert" opinions and offers no reliable methodology for opining as to the reasonableness of Alta's beliefs.

Professor Hurt's only qualifications are her legal experience.[17] But legal experience is not sufficient knowledge to render a Rule 702 opinion about the "reasonableness" of Alta's belief of GE and WattStock's misrepresentations.

Professor Hurt offers no reliable methodology for opining as to the reasonableness

---

[17] Ex. 1 at App. 21–25.

8

of any person's belief about another person's representations about an existing business relationship. She merely recites what she believes to be "relevant" Texas law on the formation of certain types of business relationships, and applies the facts supplied to her to conclude that it would be unreasonable for Alta in particular to have believed that GE and WattStock had any sort of partnership or agency relationship. The fact that a more-than-30-year lawyer who practiced corporate law at several major law firms, who is now a tenured professor who has taught about business organizations for more than 25 years, and who authored what she calls the "premier treatise" on partnership law may have come to a different conclusion than Alta is entirely irrelevant, but in the end that is all Professor Hurt really offers. There is no way to test Professor Hurt's "methodology," or to replicate it other than to feed her a different set of assumed facts and ask whether she thinks it would be reasonable to believe the entities had a partnership or agency relationship. *See Collins v. Safeco Ins. Co. of Ind.*, No. 3:18-CV-01788-X, 2020 WL 95488, at *3 (N.D. Tex. Jan. 8, 2020) (excluding expert testimony where the proponent of that testimony did not meet its burden of proof to show the reliability of that testimony where the opinion was based on the expert's "subjective belief" and there was "no discernable methodology to evaluate").

For expert testimony to be reliable, it must be "more than subjective belief or unsupported speculation, and the reasoning or methodology underlying that testimony must be scientifically valid. *Daubert*, 509 U.S. at 590, 592–93; *Knight & Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). This "requires some objective, independent validation of the expert's methodology." *Taxotere (Docetaxel) Prod. Liab. Litig.*, 25 F.4th 256, 268 (5th Cir. 2022) (cleaned up). "In other words, this Court need not admit testimony that is connected to existing data only by the *ipse dixit* of the expert.'" *Shuler Drilling Co., Inc. v. Disiere Partners, LLC*, No. 3:22-CV-2052-X, 2024 WL 3803003, at *1 (N.D. Tex. Aug. 13, 2024) (quoting *Gen Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "[W]ithout more than credentials and a subjective opinion, an expert's opinion that 'it is so' is not admissible."

9

*Holcombe v. United States*, 615 F. Supp. 3d 660, 670 (W.D. Tex. 2021) (cleaned up). Courts thus exclude expert reports that "read much like trial briefs [and] consist largely of the application of well-established legal standards to what [the expert] perceives to be the facts of the case." *SFG, Inc. v. Musk*, No. 19-CV-02198, 2019 WL 8353110, at *2 (N.D. Ill. July 31, 2019) (collecting cases). Without "any other objective methodology," a report that "offers only legal conclusions" is inadmissible. *Id*. "Argument about [legal conclusions] belongs in briefs, not in 'experts' reports' . . . . If specialized knowledge about [law] would assist the judge, the holders of that knowledge can help counsel write the briefs and present oral argument." *RLJCS Enters., Inc. v. Pro. Benefit Tr. Multiple Employer Welfare Benefit Plan & Tr.*, 487 F.3d 494, 498 (7th Cir. 2007) ("In this court each side is represented by two law firms, and a professor of law also has signed plaintiffs' brief. Enough!").

**III.    Professor Hurt's opinions are irrelevant and will confuse the jury.**

Finally, Professor Hurt's testimony should be excluded because it is irrelevant and will confuse the jury. Expert testimony must be relevant; it must assist the trier of fact understand or determine a fact in issue. *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 591–92; FED. R. EVID. 702(a)). Testimony that does not assist the jury in this task is properly excluded. *See Homes v. Lexington Ins. Co.*, No. 3:13-CV-719-BN, 2014 WL 11515384, at *1 (N.D. Tex. Sept. 26, 2014) (stating that whether the substance of the expert's disclosed testimony will help the trier of fact understand the evidence or to determine a fact in issue is proper grounds to exclude expert testimony under Federal Rule of Evidence 702).

Throughout her report, Professor Hurt reiterates that it was "unreasonable" for Alta to believe that GE and WattStock were Texas-law partners or agents of one another at any relevant date.[18] But this is not at issue and is irrelevant.

For one, Alta never posits that it believed GE and WattStock were partners or had

---

[18] Ex. 1 at App. 4, 13–19; Ex. 2 at App. 69 [14:6–21].

an agency relationship under the various specific Texas statutes and Restatements Professor Hurt cites to in her report.[19] Instead, Alta alleges that GE misrepresented the nature of its relationship with WattStock by, among other things, affirmatively marketing its supposed "partnership" with WattStock.[20] The ordinary meaning of the term "partnership" does not refer to the TBOC or anything like it. Instead, the term "partnership" simply refers to a "legal relation existing between two or more persons contractually associated as joint principals in a business" or, alternatively, a "relationship resembling a legal partnership usually involving close cooperation between the parties having specified joint rights and responsibilities."[21] In its own internal strategy documents, GE explicitly adopted a marketing strategy of "emphasizing the partnership" between GE and WattStock to win business from customers like Alta.[22] GE further misled Alta by consistently holding itself and WattStock out as partners and suggesting that their partnership was the subject of a contract—which was actually a "Memorandum of Understanding"—that ensured GE would stand behind WattStock's work related to Alta.[23] GE did so with full knowledge that "there is a difference between a Memorandum of Understanding and a non-binding Memorandum of Understanding."[24] Used this way, GE's use of the term "partnership" was and remains affirmatively misleading since there was no binding agreement between GE and WattStock when it was so busy "emphasizing

---

[19] *See generally* ECF 54; Ex. 2 at App. 75–76 [74:21–75:16], 77–78 [76:22–77:12], 79 [85:14–19].
[20] ECF 54 ¶¶ 1, 3, 24, 26–30, 33, 37, 40–43; Ex. 3 (3/20/2018 GE TRUEPackage™ Marketing PowerPoint) at App. 81–88, Ex. 4 (5/4/2018 Email from L. Herrington) at App. 90–91; Ex. 5 (5/10/2018 Email from J. Canon) at App. 93–96; Ex. 6 (5/11/2018 email from L. Herrington) at App. 98–103; Ex. 7 (6/14/2018 letter from GE to T. West) at App. 105; Ex. 8 (10/16/2018 Email from M. Tremblay) at App. 107–10.
[21] https://www.merriam-webster.com/dictionary/partnership.
[22] Ex. 4 at App. 90–91; Ex. 5 at App. 93–96; Ex. 6 at App. 98–103; Ex. 8 at App. 107–10.
[23] Ex. 9 (Alta Tr.) at App. 113–14 [51:12–52:5, 52:14–21], 115 [53:10–22]; Ex. 10 (Laterza Tr.) at App. 118–19 [106:16–107:19], 120–21 [108:1–109:8], 122 [138:13–19], 123 [139:10–24], 124 [140:2–10], 125 [204:13–18], 126 [205:11–16], 127 [210:7–13], 128 [211:5–9], 129 [212:3–12].
[24] Ex. 11 (GE Tr.) at App. 132–33 [307:15–308:2]; Ex. 12 (Memorandum of Understanding between GE and WattStock) at App. 135–139.

its partnership" to close sales.[25]

Additionally, the question of whether Alta's reliance on GE's false representations was "reasonable" is irrelevant to Alta's fraud claims. The U.S. Supreme Court has emphasized that "[t]he Restatement (Second) of Torts states that justifiable, rather than reasonable, reliance is the applicable standard." *Field v. Mans*, 516 U.S. 59, 60 (1995). The same is true in Texas, where courts have observed that [in fraud cases] "it is important to not conflate ['reasonable reliance' with 'justifiable reliance'] because . . . '**justifiable reliance' does not incorporate the concept of reasonableness in its definition**." *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 828 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (emphasis added) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577–80 (Tex. 2001)). Any opinion on the "reasonableness" of Alta's beliefs concerning GE and WattStock's is irrelevant and should be excluded. *See Bilotto*, 2005 WL 5978665, at *2 (excluding expert testimony containing any discussion of legal standards inapplicable to the case because it would be irrelevant and would confuse the jury).

## CONCLUSION

For the foregoing reasons, Alta requests the Court to exclude Professor Hurt's expert opinion and grant it any other relief it may be justly entitled to.

Respectfully submitted,

**JORDAN, LYNCH & CANCIENNE PLLC**

*/s/Jeb Golinkin*
Michael Cancienne
State Bar No. 24055256
Joseph W. ("Jeb") Golinkin II
State Bar No. 24087606
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4025

---

[25] Ex. 3 at App. 81–88, Ex. 4 at App. 90–91; Ex. 5 at App. 93–96; Ex. 6 at App. 98–103; Ex. 7 at App. 105; Ex. 8 at App. 107–10.

        mcancienne@jlcfirm.com
        jgolinkin@jlcfirm.com

        **BAKER BOTTS L.L.P.**

        John B. Lawrence
        State Bar No. 24055825
        Ariel House
        Texas Bar No. 24122827
        2001 Ross Avenue, Suite 900
        Dallas, Texas 75201
        Telephone: (214) 953-6500
        Facsimile: (214) 953-6503
        john.lawrence@bakerbotts.com
        ariel.house@bakerbotts.com

        ATTORNEYS FOR ALTA POWER LLC

### CERTIFICATE OF CONFERENCE

This certifies counsel for Alta conferred with counsel for GE regarding the above Motion on April 24, 2025. This Motion is opposed because GE believes Professor Hurt's proposed testimony is proper.

        */s/ Joseph W. Golinkin*
        Joseph W. Golinkin II